Worden v. Jones.

---

JAMES WORDEN v. J. W. JONES, *as Sheriff of Reno County, et al.*

1. EXECUTION — *Restraining Enforcement.* Where a judgment has been fully paid and satisfied, except the costs of suit, and an execution issued thereon for the collection of the original judgment and costs, upon a tender of all costs and accruing costs, the party will be entitled to an injunction to restrain the sheriff from a levy and sale of property under such execution.

2. INJUNCTION, *When Entitled to.* Where the petition of the plaintiff alleges the rendition of a joint judgment against three different persons, and that the same was duly assigned to D. & W., and that the same was fully paid to said assignees, except the costs of

said action, and that he had tendered all the costs and accrued costs to the sheriff, he is entitled to an injunction to prevent the levy and sale of his property thereunder.

3. JOINT JUDGMENT — *Contribution Between Defendants.* Where one of several parties to a joint judgment furnishes all the money to pay the same, he may compel contribution from the other parties to such judgment, and in such case, after so paying, is entitled to the benefit of the judgment to enforce collection or repayment, if, within 10 days after his payment, he files with the clerk of the court where the judgment was rendered notice of his payment and claim to contribution or repayment. Upon filing of such notice, the clerk shall make an entry thereof on the margin of the docket; contribution may then be enforced by execution.

4. PLEADINGS — *Demurrer to Reply, Sustained, Error.* Where the plaintiff's petition alleges the rendition of a joint judgment against three several persons, and that the same was duly assigned to D. & W., and the said judgment has been fully paid to such assignees, except the costs, and alleges tender of all costs in said action and accrued costs, and the answer of defendants admits the rendition of judgment, the assignment to D. & W., but denies that the same was fully paid, but alleges that the same was duly assigned by the said D. & W. to another person who was not a party to such judgment, and that he is the owner thereof and is proceeding to enforce the same by levy of execution and sale of property thereunder, and the plaintiff in his reply alleges that the party taking the assignment from D. & W. was the managing agent and chief officer of one of said defendants, which was a corporation, and that the money was furnished by said corporation to its officer, or there was an agreement between the corporation and its officer to repay him, and that the assignment was taken by such person in fraud of the rights of the plaintiff, and to compel him to pay the full amount of the judgment to said defendant corporation, *held,* that the sustaining of the demurrer to said reply was error.

MEMORANDUM.—Error from Reno district court; L. HOUK, judge. Action by James Worden against J. W. Jones, as sheriff of Reno county, J. C. Holloway, and Davidson & Williams, to enjoin the collection of a certain judgment. Judgment for defendants, and plaintiff brings the case here. Reversed. The material facts are stated in the opinion herein, filed July 16, 1895.

*John W. Jones,* for plaintiff in error.

*Whiteside & Gleason,* for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J. : On January 13, 1891, James Worden filed his petition with the clerk of the district court of Reno county, Kansas, alleging that on the 18th day of March, 1890, J. C. Holloway obtained a judgment in said court against James Worden, Sidney E. Peck, and Swift & Co., a corporation, for the sum of $840.62 with interest at 6 per cent. from the date of judgment, and costs taxed at $88.40, and that thereafter the said Holloway assigned said judgment to his co-defendants, Davidson & Williams, and in April, 1890, said judgment was fully paid and satisfied, the said assignees receiving the full amount thereof, except the amount of costs. Afterward, on the 1st day of December, 1890, an execution was issued from the district court of said county, and he attaches a copy of said execution to his petition. He further avers that he tendered to the sheriff the full amount of costs and accruing costs in said cause, but the sheriff refused to accept and receive the costs and make return of the execution, but levied the same upon Worden's real estate situated in Reno county, Kansas, for the purpose of collecting the full amount of judgment, interest and costs as not satisfied under the execution. Worden also offers to pay all costs which he has not heretofore paid in said cause, and asks that the sheriff be required to accept the same and return the execution ; that he be enjoined from proceeding under said execution to sell the property of this plaintiff. The petition contains three several causes of action, setting up substantially the same state of facts in each cause

for an injunction. To the petition of plaintiff the defendants, on the 22d day of January, 1891, filed their answer, containing three several defenses, in which they admit that the judgment was taken as set forth in plaintiff's petition, and that Holloway transferred the same to Davidson & Williams, but they deny that the judgment was ever paid or satisfied, but aver that said Davidson & Williams, for good and valuable consideration, assigned the judgment to some other party than Swift & Co., to wit, one Edward F. Swift, and that the assignee holds said judgment, and that it is in full force and unsatisfied. The second count in the answer alleges substantially the same facts as the first, and avers the issuing of execution and that the same is levied upon real estate of the plaintiff, which they are seeking to have sold in satisfaction of the judgment. The third count contains substantially the same allegation, but denies specifically that Davidson & Williams ever received the principal and interest of said judgment from Swift & Co., but avers that the same was assigned to Edward F. Swift, who still owns and controls the same, but whose assignment has not yet been placed on record. The answer is verified by Gleason, attorney for defendants. Defendants also on the same day filed a motion to strike out all that part of the third count of plaintiff's petition commencing with the words "thereafter on March 18, 1890," of the third page of said count, because the matters set up in said count are immaterial to the issues in said cause, and for the second reason that it was redundant and incompetent. This motion has never been passed upon by the court. On the 30th day of January, 1891, plaintiff replied to the answer of the defendants, in which he says that if it be true,

as alleged in the answer of the defendants, that Davidson & Williams, assignees of said judgment, assigned the judgment to one Edward F. Swift, that said Swift took the assignment of the judgment to himself for the sole use of defendants Swift & Co.; that Swift is the manager and controlling official in the management of Swift & Co., whose office is in Kansas City, Kas., and that said Swift & Co. is a corporation; that if said corporation did not furnish the money to the said Edward F. Swift, which was turned over to Davidson & Williams for said judgment, it was understood and agreed between said corporation and Edward F. Swift that it would reimburse him and save him harmless by reason of his acts in relation to said judgment, and avers that said acts were done at the instance and request of Swift & Co. by Edward F. Swift, as agent for defendant corporation, and were in payment of said judgment, but it was assigned to Edward F. Swift for the fraudulent purpose of controlling an execution on said judgment against this plaintiff. On the 23d of February, 1891, the defendants filed a demurrer to the reply of the plaintiff, setting forth four different causes of demurrer thereto, each of which alleges substantially that the facts stated in the reply are not sufficient to overcome the allegation in defendant's answer. At the March term of the court, 1891, the demurrer to the reply was sustained, and Worden electing to stand on his petition and reply, judgment was rendered refusing an injunction and also for costs of suit, and the plaintiff excepted and brings the case to this court for review.

The principal contention in this case is as to whether the judgment of J. C. Holloway against James Worden, Sidney E. Peck, and Swift & Co., a corporation,

which was afterward assigned to Davidson & Williams, was actually paid by Edward F. Swift for and on behalf of Swift & Co., a corporation, of which it is alleged that Edward F. Swift is the principal officer and managing agent. It is shown by the petition, answer and reply that the judgment was entered as set forth in plaintiff's petition ; that it was assigned to Davidson & Williams, and that Davidson & Williams received the amount of said judgment from the hands of Edward F. Swift. So the contention is as to whether the said Edward F. Swift paying the money over to the assignees of said judgment amounts to the payment of said judgment against all of the defendants in said action, and if it was a payment of said judgment, whether Edward F. Swift had the right to take the assignment of it to himself for the purpose of forcing contribution from the defendants, Worden and Peck. The plaintiff in error insists that if Swift & Co. paid the money to Davidson & Williams through Edward F. Swift, the principal officer and managing agent of Swift & Co., as averred in the petition and reply — and the demurrer admits this — then Swift & Co. cannot have an execution issue on the original judgment and levy upon Worden's property and sell the same, thereby forcing him to pay all the judgment to Swift & Co. ; that if Worden is liable to Swift & Co. for anything, the matter must be adjudicated between Worden and Swift & Co. for contribution. The defendants in error contend that, taking the pleadings altogether, they do not contain facts sufficient to entitle the plaintiff to an injunction. It is insisted by the defendants that the reply does not deny any of the allegations in the answer, but in fact confesses them ; that, the judgment being a joint one and unappealed from, Swift would be entitled to enforce it against the

plaintiff until Swift & Co. had been reimbursed the amount due them thereon.    This being a true and fair construction of the pleadings, plaintiff is not entitled to an injunction restraining the enforcement of the execution.

It is further contended that if Swift & Co. had actually furnished the money to pay the judgment, and had it assigned to Edward F. Swift, before Worden could maintain an action for an injunction he would have to tender at least one-half of the judgment to Swift & Co.    There is not entire harmony in the authorities upon the question of the right to interpose by way of injunction to enjoin the enforcement of a judgment which has been fully paid.    In an early case, decided in 1814, Chancellor Kent, in speaking on the jurisdiction of the court of chancery to enjoin the enforcement of a judgment by execution and sale of property therefor, says : ''The injunction can only be granted upon one of these two grounds, first, that the plaintiff has already fully paid and satisfied the execution.''    (*Lansing v. Eddy,* 1 Johns. Ch. 49.)    The better-reasoned cases all seem to hold that where the judgment has been fully paid and satisfied, equity will restrain the levy of execution and sale of property thereon.    Where the judgment has been fully paid, it would be a great injustice to the party to allow the issue of execution thereon and the sale of his property thereunder, and remit him to his redress by an action at law for his damages.    The plaintiff's petition alleges the rendition of judgment by the district court of Reno county, in March, 1891, the assignment of the judgment by Holloway to Davidson & Williams, and the payment of the judgment in full to the assignees thereof, except the costs, and the tender of the full amount of costs and accrued costs.    The answer

to this petition admits the rendition of the judgment, the assignment thereof to Davidson & Williams, and alleges the payment of the amount of the judgment to the assignees by Edward F. Swift, and claims that this was not a payment of the judgment, but it was a purchase of the judgment by Edward F. Swift individually. The reply of the plaintiff alleges that if it is true, as alleged in the answer of the defendants, that Davidson & Williams, assignees of said judgment, assigned the judgment to Edward F. Swift, that Swift took the assignment of the judgment to himself for the sole use of defendants, Swift & Co.; that said Swift was the manager and controlling official in the management of Swift & Co.'s business, whose office is in Kansas City, Kas., and that Swift & Co. is a corporation engaged in the packing business; and that the money that paid the judgment was paid by Swift & Co., and the assignment was taken for the purpose of forcing the plaintiff to pay the entire amount to Swift, and was in fraud of his rights. We think, taking the entire pleading on the part of the plaintiff as true, that the plaintiff was entitled to an injunction. It is true that the reply of the plaintiff is not very definite and certain in its averments, but this defect could not be reached by demurrer. If the reply is not sufficiently clear and explicit in its allegations, the defendants should take advantage of this defect by motion to make it more definite and certain by way of amendment.

It is contended by the defendants in their brief that if Swift & Co. had actually furnished the money to pay the judgment, and had it assigned to Edward F. Swift, before Worden could maintain his action he would have to tender at least one-half of the judgment, and there is no such tender. The claim is that

Swift, having paid the judgment, is entitled to force contribution from the other defendants under § 480, chapter 80, General Statutes of 1889.   This is true, if Swift had complied with the provisions of this section upon the payment of the amount to Davidson & Williams, if, within 10 days after the payment thereof, he had filed with the clerk of the court where the judgment was rendered notice of his payment and claim to contribution or repayment.   Upon a filing of such a notice, the clerk is required to make an entry thereof on the margin of the docket, and upon compliance with the provisions of this section contribution might be had by the issuing of an execution for the collection of the amount that the party was liable for ; but no such facts exist in this case.   Swift paid the amount due on the judgment to the assignees and took an assignment thereof to himself, and then attempted to collect the entire amount of the judgment, interest and costs of Worden.

It is insisted by counsel for the defendants that "the allegation of the answer that, as between plaintiff and Swift & Co., plaintiff is primarily liable should be taken as true.   If so, plaintiff could not maintain his action until he tenders the whole judgment and cost."   We do not so interpret the pleadings.   The liability of Worden is a disputed fact to be determined on the final trial of the case.   The court, on a final trial of the issues, may determine the liability of Worden as to whether he is primarily liable to Swift & Co., and if it so find, may deny the injunction, or modify it, as justice and equity may demand.   The petition of the plaintiff alleges that the judgment was fully paid and satisfied, and the answer alleges that the payment was made by Edward F. Swift to the assignees of the judgment, and the same

was duly assigned to him. The reply alleges that if the money was paid by Edward F. Swift as alleged, it was on behalf of Swift & Co., and for the fraudulent purpose of controlling the judgment and compelling plaintiff to pay to Swift & Co. the entire amount of the judgment and costs. The demurrer admits the truth of all these allegations, and should have been overruled and the issue determined on a final trial of the case ; and, if the plaintiff could prove all the allegations of his pleadings, he was entitled to the relief demanded in his petition. The question of contribution between the plaintiff and Swift & Co. must be determined in a proper proceeding for that purpose. Swift & Co., not having complied with the provisions of § 480, chapter 80, General Statutes of 1889, cannot now enforce contribution by execution and sale under the original judgment.

The judgment of the district court is reversed and the case remanded, with direction to overrule said demurrer to the reply of the plaintiff, and proceed with said cause according to the opinion herein expressed.

All the Judges concurring.