## WILLIAM McCLURE v. J. W. JOHNSON.

(Filed July 30, 1898.)

1. SURETY—*Right of Action, Against Whom.* In this Territory, under the statute, as well as at common law, the right of action of the surety who has discharged the promissory note of his principal, is against the principal, upon the note, and not upon an implied promise to pay. A surety who pays, is subrogated to all the rights of the holder of the note, one of which is the possession of the promissory note, and the right of action upon it against the principal, and he may pursue his remedy upon the note which he has paid, as against the principal, who is primarily liable, to the extent of reimbursing what he has expended.

2. CONTRACT—*Time for Recovery on—Set-off or Counter-claim.* No recovery can be had upon a contract, express or implied, which is not in writing, unless the action thereupon be brought within three years from the time at which the right of action accrued, and this applies to a "set-off counter-claim" which is read as a defense, as against a claim of the other party, not barred by the statute of limitation.

*Error from the Probate Court of Oklahoma County; before William P. Harper, Probate Judge.*

*Lewis & Snyder,* for plaintiff in error.

No briefs filed for defendant in error.

### STATEMENT OF THE CASE.

This was an action in the probate court of Oklahoma county, brought by the plaintiff in error. The petition filed August 3, 1896, alleged that on the 10th day of March, 1892, the defendant desired the plaintiff to become his surety upon a promissory note to the Citizens' Bank of Oklahoma City, which the plaintiff accordingly did, executing a note upon that date, jointly with the defendant, signing his name, with the defendant, upon the

face of the note as a maker. Thereupon the bank advanced the money upon the note to the defendant and the defendant became bound as principal, and the plaintiff became bound as surety. And the defendant thereafter failing to pay the same, the plaintiff paid it off upon the demand of the bank, and the note was thereupon endorsed, "Citizens' Bank, James Geary, President, without recourse." The petition averred that the defendant never had paid the note, or any part of it, and that the principal sum remained due thereupon, together with interest from March 10, 1892, for which judgment and general relief were demanded.

The defendant filed his answer in the cause on August 27, 1896, in which he (1) admitted the execution and delivery of the note, and that he received the money thereupon, but "neither admits nor denies that the plaintiff paid the note, but admits that he never paid the same to the Citizens' Bank," and (2) averred a set off and counter claim, and that prior to the execution of the note, by oral contract, the plaintiff promised to pay the defendant the sum of five hundred dollars, in consideration of legal and professional services as an attorney at law, in the prosecution of one John Bly, charged with the crime of murder in the district court of said county, and that the plaintiff paid a portion of said sum, to-wit, the sum of one hundred and fifty dollars on March 10, 1892, and that the balance was due upon demand, which had been made, but that the balance of three hundred and fifty dollars remained due, no payment having been made since March 10, 1892, and judgment was prayed for the sum of three hundred and fifty dollars, less the amount found to be due upon the moneys expended by the plaintiff in the satisfaction of said note.

Thereafter on September 14, 1896, the plaintiff demurred to the answer, upon the grounds, (1) that the same does not state facts sufficient to constitute a defense to the plaintiff's cause of action, and (2) to the second paragraph of the said answer, because it "does not state facts sufficient to constitute a defense, counter claim or set off to the plaintiff's cause of action, and it appears from the face thereof, that the alleged cause or counter-claim accrued more than three years prior to the 22nd day of August, 1896, when the answer was filed." The court sustained this demurrer, and dismissed the action of plaintiff, rendering judgment on said demurrer in favor of the defendant, to which ruling and judgment the plaintiff excepted.

The journal entry of the judgment shows that the court found that the demurrer of plaintiff to the defendant's answer should be carried back to the plaintiff's petition and sustained, for the reason that the plaintiff's petition does not state facts sufficient to constitute a cause of action against the defendant, and because it appears from the face of the petition, that plaintiff's cause of action accrued more than three years before the 3rd day of August, 1896, when plaintiff's petition was filed.

Exceptions having been duly reserved, the plaintiff assigns for error here, (1) in carrying the demurrer of the plaintiff to the defendant's answer, back to plaintiff's petition and treating it as a demurrer by the defendant to the plaintiff's petition, and sustaining said demurrer to plaintiff's petition, and (2) in not having sustained the plaintiff's demurrer to defendant's answer.

Opinion of the court by

McATEE, J.: The plaintiff's petition is a good one, unless the proposition could be sustained that the right of the recovery in behalf of the surety who has paid the debt of his principal, represented by a promissory note, is based upon an implied agreement of the principal to repay the surety's outlay made by reason of his suretyship. But this is not the law. The surety upon the promissory note, who has paid his principal's debt, is subrogated to all the rights of the holder of the note, one of which is to recover upon the note itself and to the enjoyment of all the securities which his principal was entitled to for the payment of the debt, and he has the right to be substituted in his principal's place, when, as surety, he pays the debt for the principal. The surety is entitled to the possession of the promissory note, which he has discharged, and he may pursue his remedy thereon against the maker, who is primarily liable. The right of action of the surety who has discharged the note is against the principal upon the note, and not upon the implied promise to pay. (*Rand v. Barrett*, [Iowa] 24 N. W. 530; Daniel on Negotiable Instruments, vol. 2, sec. 1343; *Sublett v. McKinney*, 19 Tex. 438; *Tutt v. Thornton*, 57 Tex. 35.) So much for the common law.

We should infer as much from the provisions of our own statute, which prescribes that: "A surety, upon satisfying the obligations of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he has expended." * * * (Statutes of Oklahoma, 1893, sec. 2951.)

The answer of the defendant neither admits nor denies the allegation of the plaintiff that the plaintiff has never

paid the note, and since it is provided in the chapter upon pleading, Code of Civil Procedure, sec. 4008, Statutes of 1893, that: "Every material allegation of the petition, not controverted by the answer  *  *  *  shall, for the purposes of the action, be taken as true," the plaintiff is entitled to judgment, unless the defendant has set up a good defense or counter-claim in his answer, which the plaintiff challenged by his demurrer. The answer, for a "set off and counter-claim," set up, on the 27th day of August, 1896, an oral promise of the plaintiff to pay to him the sum of five hundred dollars, and that no payment had been made thereon, except the sum of one hundred and fifty dollars, on or before March 10, 1892. The statute of limitations now in force was adopted August 14, 1893, and prescribes that a civil action of this character, can only be brought within three years from the time when the cause of action accrued. But this claim was not set up until August 27, 1896. The court below should have sustained the demurrer.

The judgment of the lower court is reversed, and the cause remanded with instructions to sustain the demurrer, filed by the plaintiff in error to the answer of the defendant in error.

All of the Justices concurring.