The City of Fort Scott v. The Kansas City,
Fort Scott & Memphis Railroad Company.
**No. 13,041.** ( 72 Pac. 238.)

SYLLABUS BY THE COURT.

1. JOINT TORT-FEASORS— *Contribution.* Section 480 of the code of
civil procedure (Gen. Stat. 1901, § 4926) authorizes contribution
between joint judgment debtors, even where the judgment was
rendered in an action founded upon a tort.

2. ———— *Statutory Notice Unnecessary in Independent Action.* The notice required by such section to be filed by one of
several judgment debtors who has paid more than his due proportion of the judgment, in order to give him the benefit of the
judgment in enforcing contribution, need not be given where he
seeks reimbursement by an independent action.

3. ———— *Statutory Provision Constitutional.* Such section is
not open to the objection that it deprives one of property without
due process of law.

Error from Bourbon district court; W. L. SIMONS,
judge.   Opinion filed April 11, 1903.  Affirmed.

*A. L. H. Street*, city attorney, for plaintiff in error.

*L. F. Parker, E. C. Gates*, and *Pratt, Dana & Black*,
for defendant in error.

The opinion of the court was delivered by

MASON, J. : C. G. Peck, administrator, sued the city
of Fort Scott and the Kansas City, Fort Scott & Memphis Railroad Company jointly to recover damages
occasioned by their negligence in maintaining a dangerous bridge or trestle across a street of the city.   A
judgment was rendered against the defendants jointly
for $2000.   An execution was issued upon the judgment, whereupon the railroad company paid it in full
and sued the city for contribution.   The city answered

by setting out the pleadings upon which the judgment was rendered.   The district court gave the plaintiff judgment for one-half the amount it had paid in satisfaction of the joint judgment.

The city brings this proceeding and asks that the judgment against it be reversed for the reason that there can be no contribution between joint tort-feasors.   The defendant in error contends that the rule invoked does not extend to torts of the character here involved, and that, in any event, section 480 of the code of civil procedure gives the right to compel contribution among judgment debtors, irrespective of the character of the demand in which the judgment originated.   As we regard the second of these contentions as sound it will not be necessary to consider the first. The section referred to (Gen. Stat. 1901, § 4926) is as follows:

"When property liable to an execution against several persons is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays without a sale more than his proportion, he may compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount or any part thereof, either by sale of his property or before sale, he may compel repayment from the prinpal; in such case the person so paying or contributing is entitled to the benefit of the judgment to enforce contribution or repayment, if within ten days after his payment he file with the clerk of the court where the judgment was rendered notice of his payment and claim to contribution or repayment.   Upon a filing of such notice the clerk shall make an entry thereof in the margin of the docket."

The statute in terms covers all kinds of judgments. No exception is made.   We think it applies to judg-

ments rendered in actions sounding in tort as well as to those based upon contract.

It is urged, however, by plaintiff in error that in order to take any benefit under this statute the defendant who pays more than his share of a joint judgment must within ten days file with the clerk of the court notice of such payment and of his claim to reimbursement. We think this notice is not necessary to enable the judgment defendant to bring an independent action to compel contribution from his codefendant. The statute gives him this right unencumbered by any condition, and then provides, further, that by giving such notice he may acquire the additional privilege of enforcing the right already given him, by the summary method of taking out execution. upon the very judgment he has paid. This seems the natural reading of the statute. It is that adopted in *Ankeny v. Moffett*, 37 Minn. 109, 33 N. W. 320, and in *Worden v. Jones*, 1 Kan. App. 501, 40 Pac. 1071.

·It is further urged by plaintiff in error that if this construction of the statute is correct then it is unconstitutional, as attempting to deprive one of his property without due process of law, in that it seeks to. give the right of contribution between joint debtors, simply because judgment has been obtained against them as such, without reserving the right between the parties to have the equities between them adjudicated. The statute is not open to this objection. It may be that the defendants in the original action can, by appropriate proceedings, have their rights adjudicated, as between themselves, in that action, and that if they omit to do so they are precluded thereafter. from denying an equal liability each with the other. Or it may be that in the very action brought to en-

Railway Co. v. Wood.

force contribution the equities between the parties can be examined and determined. We are not called upon in this case to decide this question of practice.

The judgment of the district court is affirmed.

All the Justices concurring.