PENDERGRAFT *et al.* v. PHILLIPS.

No. 6658.  Opinion Filed April 5, 1916.

(156 Pac. 1189.)

1.    **PRINCIPAL AND SURETY**—Subrogation—Payment by Surety—
Effect to Cancel Note. A note was signed by a principal and three
sureties. One of the sureties paid the note after maturity and
had the same assigned to his wife, who instituted suit thereon
against ~~the principal and~~ the other two sureties. **Held,** as be-
tween the parties, the note was not canceled upon payment by
one of the sureties, and that the action was properly instituted
upon the note itself.

2.    **SUBROGATION**—Payment by Sureties—Effect to Extinguish
Note—Intent—Presumption. Whether payment of the note by a
surety operates as an extinguishment of the note or a mere pur-
chase thereof is a question of intention. If the assignment is
taken in the name of a third party, this is a strong indication that
it was the intention to keep the note alive.

(Syllabus by Matthews, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Sarah J. Phillips against C. J. Pendergraft and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*C. H. Shubert,* for plaintiffs in error.

*Walter, Hilpirt & Callihan,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This is an action upon a promissory note. On August 31, 1910, the above-named defendants and I. Phillips executed a promissory note to the O'Bannon Banking Company of Buffalo, Mo. C. J. Pendergraft was principal and the other signers his sureties. The principal having failed to pay the note, on May 10, 1912, the said I. Phillips paid the same by giving therefor his individual note, which he afterwards paid. At his request, the bank assigned the said note to his wife, Sarah J. Phillips, who instituted this action in the county court of Oklahoma county against C. J. Linnie, and Floyd B. Pendergraft. She alleges that in the regular course of business the said O'Bannon Banking Company sold, assigned, and delivered said note to her, and asks judgment against defendants upon the same. I. Phillips was not made a party to said action. Judgment was rendered as prayed for.

The plaintiffs in error contend, and the evidence so shows, that the plaintiff, Sarah J. Phillips, did not purchase the note, and had no connection with the transfer of the note to her, but that the note was taken up by I. Phillips, one of the sureties, and that he had the same transferred to the plaintiff, and that he paid off the note

which he gave the banking company for the note in suit here, and, based upon these facts, the plaintiffs in error advance the legal proposition that the payment of a note by one of the makers, though a surety only, extinguishes the original debt and cancels the note, and no right of action survives upon the note itself, although the same may show an assignment by the payee. To state it differently, it is the contention of plaintiff that a surety upon a note, who, upon payment thereof, has the same assigned to himself or a trustee, becomes thereby subrogated to all the rights of the payee in the note and may maintain an action upon the original note, and that he is invested with all the rights and remedies possessed by the holder of the note; while the defendants contend that upon payment by a surety the note is thereby canceled and the remedy of the paying surety is an action, not upon the note, but upon an account for money paid.

It being evident that the plaintiff, Sarah J. Phillips, paid nothing for the note herself, but that the funds to take the same up were advanced by I. Phillips, one of the makers of the note, he being a surety thereon, it follows that she is holding the same merely as a trustee for the said I. Phillips, and that defendants are not deprived of any defense they might have had against the action if the same had been instituted by I. Phillips himself.

Upon the legal proposition here presented there is a hopeless and irreconcilable conflict in the authorities of the various states, and the plaintiffs in error are not without substantial authorities supporting their contention; but in the case of *McClure v. Johnson*, 10 Okla. 663, 65 Pac. 103, our own court has passed squarely upon this

question adversely to plaintiffs in error's contention, and from this opinion we take the following:

"The surety upon the promissory note, who has paid his principal's debt, is subrogated to all the rights of the holder of the note, one of which is to recover upon the note itself. * * * The right of action of the surety who has discharged the note is against the principal upon the note, and not upon the implied promise to pay."

On rehearing, the holding in the above case was re-affirmed and the authorities supporting the same extensively reviewed. This opinion has been followed in the recent case of *Cummins v. Line,* 43 Okla. 575, 143 Pac. 672, wherein it is said:

"That a surety who pays a note is subrogated to all the rights of the holder of the note cannot be questioned."

While there are many authorities supporting plaintiffs in error's contention, yet the authorities of this state, as well as the weight of authority of most of the other jurisdictions, are against the same. *Mason v. Pierron,* 63 Wis. 239, 23 N. W. 119; *Ferd Heim Brewing Co. v. Jordan,* 110 Mo. App. 286, 85 S. W. 927; *Nelson v. Webster,* 72 Neb. 332, 100 N. W. 411, 68 L. R. A. 513, 117 Am. St. Rep. 799; *Neal v. Nash et al.,* 23 Ohio St. 483; *Brown v. White,* 29 N. J. Law, 307, 80 Am. Dec. 226.

An examination of the authorities discloses the fact that the plan adopted by I. Phillips in having the original note assigned to some third party is a common procedure. This may be the better plan, because whether payment of the note by a surety operates as an extinguishment of the note or a mere purchase thereof is a question of intention. If the note is simply paid and nothing be said or done to show a contrary intendment, an extinguishment will be

presumed. *Newbern, Com'rs of Town of, v. Dawson,* 32 N. C. 436. But if the assignment is taken in the name of a third party, the inference is unmistakable that it is the intention to keep it alive for his own benefit. *Sherwood v. Collier,* 14 N. C. 380, 24 Am. Dec. 264; *Newbern, Com'rs of Town of, v. Dawson, supra; Moore v. Campbell,* 36 Vt. 361; *Edgerly v. Emerson,* 23 N. H. 555, 55 Am. Dec. 207.

The defense interposed in this case is extremely technical and in no way involves the merits of the controversy. I. Phillips, being a surety only, has been compelled to pay the note made for the benefit of another, and he has not been repaid. What valuable right of defendants is infringed upon if they are compelled to repay by an action on the original note instead of an action on an implied account? If the cosureties should be compelled to pay the judgment, they might justly complain that I. Phillips has not contributed his proportional part, but that question has not been raised and is not before us.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.