## PETTIGREW v. HARMON et al.

No. 7243—Opinion Filed Jan. 2, 1917.

Rehearing denied Jan. 23, 1917.

(162 Pac. 458.)

**1. Appeal and Error—Case-Made—Service.**

A case-made not served within the time allowed by law, or within the extension of time properly allowed by the trial court, is a nullity, and cannot be considered on appeal to this court. An appeal, based on such case-made, must be dismissed by this court.

**2. Appeal and Error — Record — Judgment Entry.**

The journal entry as to an order or judg ment of the trial court is the only evidence that may be considered in this court as to the contents of such order or judgment of the trial court.

**3. Same — Journal Entry — Stenographers' Notes—Orders as to Case-Made.**

The stenographer's notes incorporated into the case-made as to conversation between the trial court and one of the attorneys in the

case, said conversation taking place prior to the signing of the journal entry, are not evidence in this court as to the time allowed by court to make and serve case-made, but the journal entry itself showing the order of the court, is the only evidence this court may consider as to what time was allowed by the trial court in which to make and serve such case-made.

(Syllabus by Stewart, C.)

Error from District Court, Harper County; W. C. Crow, Judge.

Action by C. J. Pettigrew against J. W. Harmon and others. There was judgment for defendants, and motion for new trial being denied, plaintiff brings error. Dismissed.

R. H. Nichols, for plaintiff in error.

Charles Swindall, for defendants in error.

Opinion by STEWART, C. On the 14th day of September, 1914, judgment was rendered for the defendants in the district court of Harper county, Okla., and on the same date a motion for a new trial was filed and overruled, to which action of the court the plaintiff excepted, and has appealed to this court. The defendant in error has filed a motion to dismiss the appeal for the reason that the case-made was not served within the extension of time granted by the court below within which to make and serve case-made. The journal entry of the lower court with reference to extension of time to make and serve the case-made, reads as follows:

"The plaintiff is given time in which to make and serve case-made, and on good cause shown, the time for making and serving case-made is extended 45 days beyond the 15 days allowed by law. The defendant is given ten days in which to suggest amendments, the case to be settled on five days' notice by either party."

It appears from the case-made filed with the petition in error that the attorney for defendants was served with the case-made on the 14th day of November, 1914. Such being true, more than 60 days had expired after the overruling of the motion for a new trial before the case-made was served. The attorney for the plaintiff in error, in response to the motion to dismiss, states that, for some time before the case-made was served, he was trying to find the attorney for the defendants and visited the office of such attorney with the view of serving the case-made, but was unable to make the service. He further calls attention to the purported copy of the stenographer's notes contained in the case-made, which read as follows:

"The Court: Motion for new trial overruled, exceptions allowed, 60 days given to make and serve case-made, ten days to suggest amendments, five days to settle and sign same.

"Mr. Nichols: Is that 60 days after 15 days allowed by statute?

"The Court: Yes; 60 days in addition to the time allowed by statute."

It appears that these notes were made before the signing of the journal entry by the court. It is urged that the stenographer's notes should be accepted as evidence of the court's order extending the time. Section 5143, Revised Laws of 1910, reads as follows:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

The journal entry is clear and distinct as to the extension of time allowed by the court, and is the only evidence that we can consider as to the action of the court extending the time. It appears that the attorney for plaintiff in error was acquainted with the contents of the journal entry, for the reason that in his response to the motion, he claims that he tried to get service on the attorney for the defendants before the time named in the journal entry expired. If he could not find the defendants or their attorney, on proper application, the trial judge would, no doubt, before the time expired, have granted an order, again extending time. It does not appear that such application was made.

If the case-made was presented at the office of the attorney for the defendants before the expiration of time, it may have been the ethical duty of the attorney for the defendants to accept service of the same as of the date presented at the office. However, this is not a matter before this court. There is nothing before us to show that the case-made was served at any other time than the date on which the attorney for defendants in error accepted service, to wit, the 14th day of November, 1914.

According to the record presented to us, this court is without jurisdiction to entertain the appeal. We can only apply the law to the record facts.

The appeal should be dismissed.

By the Court: It is so ordered.