22725. CITY OF ROME *v.* SOUTHERN RAILWAY CO.

DECIDED NOVEMBER 24, 1934.

*Wright & Covington, W. B. Mebane,* for plaintiff in error.
*Maddox, Matthews & Owens,* contra.

MACINTYRE, J. The Supreme Court, in the case of *Southern Ry. Co.* v. *City of Rome,* 179 *Ga.* 449 (176 S. E. 7), having held on certiorari that "under the provisions of sections 4588 and 5971 of the Civil Code (1910), the right of contribution extends equally to actions ex contractu and actions ex delicto, 'where all are equally bound to bear the common burden, and one has paid more than his share,'" and that "the Court of Appeals erred in reversing the judgment of the superior court overruling the demurrer based upon the ground that the plaintiff, being a joint tort-feasor, was not entitled to contribution to reimburse it for the payment of the equal liability of the defendant, who was 'equally bound to bear the common burden,'" the former decision of this court, in 47 *Ga. App.* 489 (170 S. E. 695), is hereby vacated, and it is now held that the judge of the superior court did not err in overruling the demurrer that "plaintiff was a joint tort-feasor with defendant, and, under the law, would not be entitled to a recovery of any sum from defendant."

The Southern Railway Company brought an action against the City of Rome to recover one half of a sum it had been compelled to pay on a joint execution based upon a joint judgment procured by Mrs. Mollie Autry in an action for damages, brought by her

against said railway company and said city jointly for the homicide of Mrs. Autry's son. The Supreme Court having reversed the decision of this court in 47 *Ga. App.* 489, as shown in the first division of this opinion, we shall now pass upon the following demurrer of the City of Rome to the petition in this action for contribution: "Plaintiff's petition discloses that the cause out of which plaintiff's alleged right to contribution arose has already gone to judgment against plaintiff and defendant; and should plaintiff be entitled to contribution from the defendant for the amount sued for or any other sum, there could be no necessity for the present suit for the enforcement of plaintiff's rights against defendant, said cause being in judgment and plaintiff having a remedy on said judgment under the law." In support of this contention, counsel cite the statement of the Supreme Court in 167 *Ga.* 136, 142, that if the Southern Railway Company "is entitled to contribution from the City of Rome, it has ample remedy at law" under the Civil Code (1910), § 5971. In the case cited, the Supreme Court held that the trial court erred in not sustaining Mrs. Autry's demurrer to an equitable petition brought by the Southern Railway Company against her and others, and designed to compel contribution from the City of Rome. This case was decided primarily upon the theory that it did not lie in the mouth of the Southern Railway Company to claim contribution when it had paid nothing on the alleged joint obligation. We think that the main purpose of the Supreme Court in stating that "if petitioner is entitled to contribution from the City of Rome, it has ample remedy at law," etc., was to indicate that, in any event, it was not necessary for the railway company to resort to equity in order to procure contribution. Certainly there is no intimation in that decision that the *only* method open to the railway company was to proceed under the statute.

Let us next look to the statute itself, as codified in the Civil Code (1910), § 5971, which reads as follows: "When judgments have been obtained against several persons and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the fi. fa. issued to enforce said judgment, have full power to control and use said fi. fa. as securities in fi. fa. control the same against principals or cosureties, and shall not be compelled, as heretofore, to sue the codebtors for the

excess of payment on such judgment." It will be observed that the statute reads that "he or they may," etc., and that it concludes by stating that a person seeking contribution "shall not be compelled, as heretofore, to sue the codebtors for the excess of payment on such judgment." The word "may" is ordinarily permissive, and not mandatory, and section 4 of the Civil Code (1910), says that in construing statutes, "the ordinary signification shall be applied to all words . . ." Furthermore, the phrase, "and shall not be compelled, as heretofore, to sue," etc., lends countenance to the conclusion that "may" is used in the statute in its ordinary signification. Certainly there is nothing in the code section to indicate that the legislature intended to make the statutory remedy exclusive, and thus deprive a person of the right to pursue a pre-existing, accredited method of enforcing contribution from a joint defendant.

In the early case of *Dent* v. *King & Coombs,* 1 *Ga.* 200, an action similar to the one at bar was employed to enforce contribution. "Summary proceedings provided by statute for the enforcement of a right of contribution constitute a cumulative remedy. They do not bar an independent action . . ." 13 Corpus Juris, p. 833, § 26. "Statutes of this character, however, usually are held to afford a cumulative remedy, and not to abrogate existing remedies. 6 R. C. L., p. 1059, § 19. See, in this connection, Dunn *v.* Stufflebeam, 17 Idaho, 559 (106 Pac. 1129); Fort Scott *v.* Kansas City, Fort Scott & Memphis R. Co., 66 Kan. 610 (72 Pac. 238). We hold that the remedy given by our statute for enforcing contribution is cumulative and does not abrogate existing remedies, and that the trial judge did not err in overruling the demurrer under consideration. Neither did the court err in overruling the first ground of the demurrer, which is that "said petition sets forth no cause of action."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*