KEYES v. DYER.

No. 34607.  April 23, 1952.

*243 P. 2d 710.*

R. L. Christian, Frederick, for plaintiff in error.

Chamberlin & Slagle, Frederick, for defendant in error.

PER CURIAM. This is an action by a surety against his principal, makers of a promissory note, for reimbursement of money paid by the surety in satisfaction of a judgment recovered upon said note by the payee thereof against said makers. Reference will hereinafter be made to the respective parties as plaintiff and defendant, according to their designation in the court below.

On November 28, 1933, the defendant, M. W. Keyes, the plaintiff, R. W. Dyer, and one C. B. Keyes joined as makers in executing a promissory note payable to one J. D. Laney on December 1, 1934. On February 27, 1937, the payee, J. D. Laney, recovered a joint and several judgment upon said note against the said makers thereof. The judgment was kept alive by successive executions. On January 19, 1946, the plaintiff was compelled to pay said judgment and a release thereof was filed in the cause in which said judgment was entered. On November 5, 1948, the plaintiff brought this action and in his petition alleged the foregoing admitted facts, and attached and made a part of his petition copies of said note, judgment, and release of judgment. Plaintiff further alleged, and defendant admits, that said note was executed by the defendant as principal and by the plaintiff and one C. B. Keyes as sureties. The plaintiff alleged that he was entitled to reimbursement from the defendant and the prayer was for judgment against defendant for the amount paid by plaintiff in satisfaction of said judgment, together with interest and costs. The existence of the principal and surety relationship between the makers of said note is not disclosed by either said note or judgment.

The trial below without the intervention of a jury resulted in a judgment for plaintiff conforming to the prayer of his petition. Defendant appeals.

The first question for our determination is whether the action is barred by the statute of limitations.

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty." 12 O. S. 1951 §95.

Defendant contends that if plaintiff's action is on the original note or judgment rendered thereon, the statute, supra, had barred the action.

According to the prevailing view, the remedy at law of the surety who has paid a note or satisfied a judgment for his principal is an action on the obligation, implied by law, of the principal to reimburse his surety. 72 C.J.S., p. 786, §323; 50 Am. Jur. p. 1047, §§219, 220.

The history of the statute of limitations, supra (12 O. S. 1951 §95), may be traced to a similar statute of the State of Kansas, and we are favorably impresssed with the logic of the Supreme Court of Kansas in the case of Guild v. McDaniels (1890) 43 Kan. 548, 23 P. 607, wherein the majority rule was followed, and the court held:

"Where a joint maker of a promissory note, or his representative, pays the note, and then brings an action against the other maker, upon the ground that he is in fact only a surety, his action, although brought upon the note, must be mainly proved by parol evidence; because he must show by such evidence the amount he paid upon the note, the date of payment, that his joint maker is the principal, and that he is a surety only. Therefore, the action is founded on an unwritten and implied agreement of his principal, and must be brought within three years."

Defendant points out that Oklahoma has consistently followed McClure v. Johnson (1898) 10 Okla. 663, 65 P. 103, wherein the Supreme Court of the Territory of Oklahoma held:

"In this Territory, under the statute, as well as at common law, the right of action of the surety who has discharged the promissory note of his principal is against the principal, upon the note, and not upon an implied promise to pay. A surety who pays is subrogated to all the rights of the holder of the note, one of which is the possession of the promissory note, and the right of action upon it against the principal; and he may pursue his remedy upon the note which he has paid, as against the principal, who is primarily liable, to the extent of reimbursing what he has expended."

McClure v. Johnson, supra, was followed by this court in Pendergraft v. Phillips (1916) 57 Okla. 105, 156 P. 1189. It should, however, be observed that in McClure v. Johnson, supra, the note was endorsed without recourse by the payee thereof. In Pendergraft v. Phillips, supra, the note was assigned by the payee, and the surety, a joint maker of the note in each case upon satisfying the obligation, pursued his rights under the statute (15 O. S. 1951 §382, infra) to enforce the remedy which the payee of the note then had against the principal. Furthermore, by force of a statute enacted in Oklahoma after the decision in McClure v. Johnson, supra, a promissory note is not discharged upon payment thereof by a party secondarily liable thereon (48 O. S. 1951 §263). Whitten v. Kroeger, 183 Okla. 327, 82 P. 2d 668.

In Fox v. Kroeger, 119 Tex. 511, 35 S. W. 2d 679, 77 A. L. R. 663, the Texas Supreme Court construed a statute identical with 48 O. S. 1951 §§261 and 263, and the decision there supports the Oklahoma view above set forth. In that case we again observe that the surety, a joint maker of a promissory note, was compelled to pay the note and on so doing took an assignment thereof and brought the action on the note itself.

It is recognized in Guild v. McDaniels, supra, that written evidence of the relationship of the parties, and assignments and transfers in writing of the creditor's security to the party secondarily liable thereon, are important factors in determining the nature of the latter's action.

The rule in McClure v. Johnson, supra, is not controlling in the determination of the nature of this action, in view of the distinguishing factors present here and the cumulative rights and remedies of a surety under the statutes of Oklahoma cited herein.

The note here was merged in a judgment in favor of the payee against the makers thereof. The plaintiff, one of the makers of said note and bearing the relationship of a surety thereon, was compelled to pay said judgment and said judgment was thereupon released by the judgment creditor.

In addition to the remedies in the nature of subrogation conferred by 15 O. S. 1951 §382, infra, the statute construed in the case of McClure v. Johnson, supra, we observe that the obligation of a principal to reimburse his surety, implied in law, finds express recognition in a companion statute.

"If a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses; * * *" 15 O. S. 1951 §381.

Plaintiff's petition not only alleged the note and the judgment thereon, but also pleaded payment of the judgment and the release and satisfaction thereof. It is apparent that defendant's statutory obligation to reimburse plaintiff is the foundation of plaintiff's cause of action. Therefore, plaintiff's cause of action is governed by the three-year statute of limitations, supra. (12 O. S. 1951 §95, par 2).

While the original note and the judgment thereon did not disclose the relationship of principal and surety be-

tween the makers of said note, the establishment of that relationship in this action was proper under the statute and decisions of this state. 15 O. S. 1951 §372; Stovall v. Adair, 9 Okla. 620, 60 P. 282; Wills v. Fuller, 47 Okla. 720, 150 P. 693. The relationship of principal and surety was not destroyed by the judgment upon the original note. 15 O. S. 1951 §375; Whitten v. Kroeger, supra.

The statute of limitations, supra, permits the bringing of the action within the applicable period of limitations "after the cause of action shall have accrued." Defendant urges that if the judgment herein was based upon the note, plaintiff's cause of action accrued upon the maturity of said note, nearly 14 years before the commencement of this action. We would recognize the merits of that contention were this an action brought upon the note by the payee thereof, but here we are considering the liability of the principal maker of the note for reimbursement of the amount paid by an accommodation maker in satisfaction of the principal obligation. The right to reimbursement under the statute, supra (15 O. S. 1951 §381), could not arise until payment is made. The principal obligation in the case at bar was due and owing at the time it was paid by the plaintiff surety, and when said payment was made the plaintiff surety was then, and not until then, entitled to maintain the cause of action for reimbursement under said statute. Miller v. National Surety Co., 159 Okla. 76, 14 P. 2d 228; 50 Am. Jur., p. 1064, §243.

Therefore, plaintiff's cause of action accrued on January 19, 1946. This action, having been commenced on November 5, 1948, was not barred by the applicable three-year statute of limitations.

The pleadings, and stipulation of plaintiff and defendant in open court in the trial below as reflected by the journal entry of judgment, presented an issue as to whether the plaintiff was the owner and holder of the cause of action. At the conclusion of the trial the court announced:

"Upon the evidence that was introduced here today, the court could arrive at no other conclusion than that the plaintiff is the rightful owner of the note sued upon, and the court renders judgment for the plaintiff in this case for the amount sued for."

The journal entry of judgment which was signed by the trial judge and approved by the attorneys for plaintiff and defendant, respectively, contains the finding as follows:

"* * * and specifically finds that the plaintiff was at the time of filing his petition and is now the owner and holder of this cause of action and is the proper person entitled to institute and maintain this cause of action, * * *".

By virtue of the pronouncement made by the trial judge at the conclusion of the trial, defendant contends that judgment was rendered upon the note alleged in plaintiff's petition. In the light of the issue of fact presented for determination and the findings contained in the journal entry of judgment, we construe said pronouncement by the court as meaning simply that the plaintiff was the owner of the cause of action and the real party in interest. Whatever meaning may be derived from the pronouncement by the court at the conclusion of the trial, the only evidence of the contents of the judgment of the trial court which is proper for consideration here is the journal entry of judgment. Pettigrew v. Harmon, 62 Okla. 245, 162 P. 458; Moroney v. Tannehill, 90 Okla. 224, 215 P. 938.

The remaining question for our determination is whether the plaintiff surety, in failing to pursue the remedies available to him under either 15 O. S. 1951 §382, or 12 O. S. 1951 §831, is precluded from enforcing the defendant principal's obligation of reimbursement under 15 O. S. 1951 §381 supra.

"A surety, upon satisfying the obligations of the principal is entitled to enforce every remedy which the creditor then has against the principal, to

the extent of reimbursing what he has expended; * * *" 15 O. S. 1951 §382.

"When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal; in such case, the person so paying or contributing, is entitled to the benefit of the judgment, to enforce contribution or repayment, if within ten days after his payment he file with the clerk of court where the judgment was rendered notice of his payment and claim to contribution or repayment. Upon a filing of such notice, the clerk shall make an entry thereof in the margin of the docket." 12 O. S. 1951 §831.

Plaintiff did not elect to avail himself of the remedy under either of said statutes (15 O. S. 1951 §382, or 12 O. S. 1951 §831, supra). Plaintiff's reasons for otherwise pursuing his remedy for reimbursement are not considered material, although we again observe that the principal and surety relationship was not established in the judgment which was paid by the plaintiff.

It is obvious that plaintiff, by obtaining a release and satisfaction of said judgment and making the same a part of the declarations of his petition, intended to discharge the principal obligation and pursue his remedy for reimbursement under 15 O. S. 1951 §381, supra.

In Whitten v. Kroeger, supra, it was held that an endorser of a promissory note who paid off the judgment recovered thereon and failed to proceed under the provisions of 12 O. S. 1951 §831, supra, was not thereby precluded from pursuing his remedy of subrogation under 48 O. S. 1951 §263. While the plaintiff surety here is not pursuing his remedy by right of subrogation, that decision recognizes that one secondarily liable upon an instrument in satisfying a judgment thereon is not limited to the remedy provided by 12 O. S. 1951 §831, supra.

In City of Ft. Scott v. Kansas City, Ft. S. & M. R. Co., 66 Kan. 610, 72 P. 283, the Supreme Court of Kansas, in construing a similar statute of that state, and from which 12 O. S. 1951 §831 originated, held that a compliance with that statute was unnecessary where reimbursement by an independent action was sought, and said:

"It is urged, however, by plaintiff in error, that, in order to take any benefit under this statute, the defendant who pays more than his share of a joint judgment must within 10 days file with the clerk of the court notice of such payment, and of his claim to reimbursement. We think this notice is not necessary to enable the judgment defendant to bring an independent action to compel contribution from his codefendant. The statute gives him this right unincumbered by any condition, and then provides further that by giving such notice he may acquire the additional privilege of enforcing the right already given him, by the summary method of taking out execution upon the very judgment he has paid. This seems the natural reading of the statute. It is that adopted in Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, and Worden v. Jones, 1 Kan. App. 501, 40 P. 1071."

This decision was followed by the same court when this statute was again considered in Reed v. Humphrey, 69 Kan. 155, 76 P. 390, wherein the court held:

"A surety who, under legal compulsion, pays a judgment against his principal and himself, may maintain an action against his principal for reimbursement, although at the time of such payment the judgment could not in any manner have been enforced against the latter on account of its having been dormant as to him for more than a year."

The remedies similar to those under 12 O. S. 1951 §831, supra, conferred by a statute of Georgia, were held to be cumulative in City of Rome v. Southern Ry. Co., 50 Ga. App. 185, 177 S. E. 520.

Defendant cites Miller v. Andrews, 171 Okla. 479, 43 P. 2d 415, in support of his contention that a compliance with the provisions of 12 O. S. 1951 §831, supra, is mandatory. In that case this court held that a surety paying a judgment can claim the right of contribution or repayment only by preparing and filing the notice within the time as required by said statute. But careful consideration of the facts in that case reveals that the surety there was attempting to obtain the benefits of a judgment that he had paid, through an execution issued thereon, without complying with the requirements of said statute. The validity of said execution and not the choice of remedies available to a surety was the question determined in that case.

We therefore conclude that the plaintiff surety was entitled to pursue his remedy for reimbursement against the defendant principal under 15 O. S. 1951 §381, through the action here, independent of the remedies available to him under 15 O. S. 1951 §382, and 12 O. S. 1951 §831, supra.

Affirmed.

This court acknowledges the services of Attorneys Russell V. Johnson, E. P. Ledbetter, Sr., and A. K. Little, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.