NATIONAL PRINTING AND OFFICE SUPPLY COMPANY, Inc., E. L. Murphy, Helen G. Murphy and W. L. Foster, Plaintiffs in Error,

v.

Grace Lee FRANK, United States of America, and State of Oklahoma ex rel. Oklahoma Employment Security Commission, Defendants in Error.

No. 38104.

Supreme Court of Oklahoma.

June 2, 1959.

Rehearing Denied July 14, 1959.

Application for Leave to File Second Petition for Rehearing Denied Sept. 15, 1959.

Young, Young & Young and Glenn O. Young, Sapulpa, for plaintiffs in error.

Loeffler, Loeffler & Allen, Sapulpa, for defendant in error, Grace Lee Frank.

HALLEY, Justice.

This is one of three related cases consolidated for trial by the District Court of Creek County, being No. 38,080, Frank v. National Printing and Office Supply Co., Inc., Okl., 343 P.2d 1085, affirming in part and reversing in part with instructions to render judgment for John Frank for the amount he paid on the $25,000 note against the Printing Company and for one-fourth thereof each against the co-sureties, E. L. Murphy and Helen G. Murphy. The $25,000 note was secured by a chattel mortgage on the property of the Printing Company and the capital stock of Frankoma Potteries and John Frank had paid $1,566.- 82 thereon and for which he sought judgment against the Printing Company and one-fourth thereof against his co-sureties, the Murphys.

Since the general principles of law are applicable in both cases that is, Nos. 38,080 and 38,104, we adopt the opinion in No. 38,080 as applicable to the questions raised in the case before us.

In the case before us Grace Lee Frank seeks to recover $9,583.43, which she

**1092**

paid as the balance due upon the $25,000 note, against the Printing Company, the principal obligor, and the pro rata share thereof against the two Murphys as co-sureties.

The $25,000 note was executed to the American National Bank of Sapulpa, Oklahoma, and held by it when John Frank made his payment thereon. The note was assigned by the Bank to W. L. Foster before Grace Lee Frank made her payment on the balance due thereon in the sum of $9,583.43, for which the trial court gave her judgment against the Printing Company, and against the two Murphys for their pro rata share, or $2,395.86, each.

We have examined all of the evidence and find that it is ample to sustain the judgment.

Plaintiffs in error have submitted numerous assignments of error, most of which are of a technical nature and not at all applicable under the facts before us. In trial court No. 30,168, Judge Kenneth Hughes sustained a demurrer to the joint petition of John Frank and his wife, and held that it was not a joint cause of action and that John Frank might file a separate case, which he filed to recover for the amount he had paid on the $25,000 note while it was held by the bank, while Grace Lee Frank was seeking to recover what she had paid on the same note after W. L. Foster had acquired the note. The demurrer was also based upon the fact that John Frank had not alleged that he had rendered his claim as subject to intangible taxes. He did render and pay such taxes.

Ten separate assignments of error are urged by the plaintiffs in error in the case here under consideration. We have examined each of them and conclude that since the basic facts and law justified the trial court in rendering the judgment rendered, it is hereby affirmed upon the law announced in case No. 38,080, and the opinion in the latter case where applicable, is adopted as the law applicable in the case before us.

The judgment is affirmed.