**W. L. FOSTER, Plaintiff in Error,**

v.

**Grace Lee FRANK, John Frank, Frankoma Pottery, Inc., a corp., National Printing and Office Supply Company, Inc., a corp., E. L. Murphy and Helen G. Murphy, Defendants in Error.**

**No. 39081.**

Supreme Court of Oklahoma.

May 31, 1961.

Rehearing Denied July 11, 1961.

Glenn O. Young, Sapulpa, Joe Francis, Tulsa, for plaintiff in error.

Loeffler & Allen, by Sam T. Allen, III, Sapulpa, for defendants in error.

JACKSON, Justice.

This is an appeal upon the original record as provided in 12 Okla.Stat.1951 § 956 et seq. After the appeal was lodged, plaintiff in error W. L. Foster died, and the joint executors of his will, Pearl Foster and J. K. Bewley, were substituted. However, we will refer to Foster as plaintiff in error.

This appeal is part of a long and involved litigation; see Frank v. National Printing & Office Supply Co. et al., Okl., 343 P.2d 1085; National Printing & Office Supply Co. et al. v. Frank et al., Okl., 343 P.2d 1090; and National Printing & Office Supply Co. et al. v. Frank, Okl., 343 P.2d 1092.

Stated very briefly, the pertinent facts are as follows: in 1952 and 1955, National Printing and Office Supply Company, a corporation, executed two promissory notes to a bank in Sapulpa; they were endorsed by John Frank, Grace Frank, E. L. Murphy and Helen Murphy; they were secured by chattel mortgages on property of the corporation; they were further secured by a "collateral agreement" pledging the stock of John Frank, Grace Frank and Donna Frank in Frankoma Pottery, a corporation. Thereafter, the Printing Company being in default, John Frank voluntarily made two payments. The bank then assigned the notes, with security, to W. L. Foster, plaintiff in error in this appeal. Thereafter, the Printing Company still being in default, Grace Frank paid the balance due on the notes.

John Frank and Grace Frank then began actions in the District Court to recover from the principal obligor, the Printing Company, and the co-sureties, E. L. Murphy and Helen Murphy, for the amounts they had paid on the notes.

In the two cases in which Grace Frank was plaintiff, appeals were taken from the trial court's judgments for plaintiff, resulting in affirmance of the judgments in this court (see citations above).

A peculiarity of the litigation is that W. L. Foster, though the assignee of the original payee on the notes, became a surety on the supersedeas bonds on appeal from the judgments in favor of Grace Frank.

After affirmance of the two cases in this court, Foster, as surety on the supersedeas bonds, was required to pay the judgments to Grace Frank.

He then began an action in the district court, apparently in his role as surety on the supersedeas bonds. Defendants were Grace Frank; John Frank; Donna Ruth Frank; Frankoma Pottery, a corporation; National Printing and Office Supply Company, a corporation; E. L. Murphy; Helen Murphy; State of Oklahoma ex rel. Oklahoma Employment Security Commission; and Earl R. Wiseman, District Director of Internal Revenue. The last two defendants were in the case because of certain tax matters and may be disregarded.

To this petition Grace Frank, John Frank and Frankoma Pottery filed demurrers which alleged a misjoinder of causes of action and failure to state a cause of action. They were sustained and the case was dismissed as to Grace Frank, John Frank and Frankoma Pottery.

Foster then instituted the instant appeal; his petition in error complains of the order of the trial court sustaining the demurrers and dismissal of the case; as to the defendants in error, Grace Frank, John Frank and Frankoma Pottery.

The single proposition argued in brief of plaintiff in error is to the effect that the court erred in holding that the petition failed to state a cause of action against the Franks and Frankoma Pottery, "thereby in effect holding, adjudging and deciding that a surety upon a supersedeas bond who discharges and pays to a judgment creditor a secured debt in full, does not succeed

284

to all rights and claims of said judgment creditor of every kind and character * * ".

However, the judgment of the trial court does not "in effect" so hold.

■ From a reading of the petition filed in the trial court, it is apparent that Foster is attempting to assert some rights as surety on the supersedeas bonds by reason of having paid the amount of the judgments to the judgment creditor, Grace Frank. In paying the judgments, he "stepped into the shoes" of the judgment creditor and succeeded to every remedy which the judgment creditor had as against the principal on the supersedeas bonds. 15 Okla.Stat.1951 § 382. It thus becomes necessary for us to examine the judgments obtained by Grace Frank (and which were affirmed in this court) in order to see exactly what rights and remedies she acquired by reason thereof.

At the outset, we note that John Frank, Grace Frank and Frankoma Pottery were *not defendants* in the cases in which Grace Frank recovered judgment, and she acquired no rights or remedies as to them. When Foster, as surety on the supersedeas bonds, paid the judgments to Grace Frank, he therefore did not succeed to any "rights or remedies" as to the Franks or Frankoma Pottery. Since the petition filed by Foster, liberally construed, does not reflect any cause of action as against John Frank, Grace Frank and Frankoma Pottery, the demurrers were properly sustained. See MacInnis v. Perram, 103 Okl. 15, 229 P. 168, wherein this court said:

"Where the petition wholly fails to state a cause of action against the defendant, and in favor of the plaintiff a demurrer to such petition is properly sustained."

We have previously noted that John Frank and Grace Frank were endorsers of the promissory notes giving rise to this litigation, and that by the terms of a "collateral agreement" they pledged their stock in Frankoma Pottery as security on said loans. Other endorsers on the same notes were E. L. Murphy and Helen Murphy.

■ It is apparent from the argument in brief of plaintiff in error that he believed himself to be entitled to a lien on the stock held by John and Grace Frank in Frankoma Pottery. This is not the case, for reasons set out below.

When Grace Frank, as co-surety, paid Foster the entire balance remaining due on the notes, Foster's interest in, and connection with the transaction was *completely terminated*. Whatever claim or lien he may have had against the stock in Frankoma Pottery ended at that time. He had been *paid in full.*

When he re-entered the case by becoming surety on the supersedeas bonds, he did so knowing, among other things, that the judgments concerned were *not judgments against John Frank, Grace Frank and Frankoma Pottery*. When the judgments were affirmed on appeal, and Foster, as surety on the supersedeas bonds, was required to pay them to Grace Frank, he stepped into her shoes *as judgment creditor*. He did *not* step into her shoes as co-surety on the notes. They had already been paid —and to *him.*

Brief of plaintiff in error contains extensive quotations from Keyes v. Dyer, 206 Okl. 325, 243 P.2d 710. That was an action between surety and principal on a promissory note, and is not in point here. Foster was not the surety on any note, bond or other instrument in which Grace Frank was principal.

Plaintiff in error also cites Southwestern Surety Ins. Co. v. King, 68 Okl. 100, 172 P. 74, 75, L.R.A.1918D, 1188. This case concerned the relative rights of sureties on a re-delivery bond in a replevin action, and sureties on a supersedeas bond in the same action on appeal. The quoted matter is to the general effect that the surety who pays his principal's obligation is entitled to "stand in the place of the creditor" and "will be entitled to every remedy which the creditor has against the principal debtor". Here, the surety was Foster, the principal debtor was the Printing Company, and the obligations paid was the

amount of the judgments in favor of Grace Frank. The judgments concerned were *not* against the holders of the stock in Frankoma Pottery, and did not afford the judgment creditor, Grace Frank, any relief as against them. Foster therefore gains no claim on said stock by "standing in the shoes" of Grace Frank.

The judgment of the trial court in sustaining the demurrers of Grace Frank, John Frank, and Frankoma Pottery, Inc. and dismissing the case as to them is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.