STATE, USE, GARLAND COUNTY ET AL V. BAXTER ET AL.

1. COUNTIES: *Suits for: How prosecuted.*
   Under *sec.* 3 of the *Act of* 27*th February,* 1879, a suit may be prosecuted in the name of the State for the use of a county, or by any citizen, for himself and other citizens and tax-payers of the county, to annul and cancel an illegal and fraudulent lease made by the county judge, of the county property.

2. ATTORNEY: *His authority to sue: How questioned,*
   An attorney's authority to prosecute a suit in the name of the State for the use of a county cannot be questioned by a demurrer to the complaint.

State, use, Garland county et al v. Baxter et al.

APPEAL from *Garland* Circuit Court in Chancery. Hon. J. M. SMITH, Judge.

*R. G. Davis and J. M. Rose,* for appellants:

The county could receive and hold the property as a charitable use, as a gift for the use of the public. *Att'y Gen'l* v. *Helis,* 2 *S. & St.,* 67–76; 7 *Johnson, Chy.,* 292; 2 *How.,* 127; 55 *Ind.,* 297; 2 *Dill. on Mun. Corp.,* 437; *Hill on Trustees,* 453; 2 *Sneed.,* 305; 30 *Penn. St.,* 437; 5 *O. St.,* 237.

A private citizen can sue to prevent an injury to the public, or to restrain public officers from exceeding their duty. 2 *Dillon on Mun. Corp.,* secs. 729–739; *Art.* 16, sec. 13, *Const.* 1874; sec. 4478, *Gantt's Digest;* 31 *Ark.,* 264; 32 *Ark.,* 497, 30 *Ib.,* 482.

Suit properly brought in name of State use Garland county. *Acts* 1879, *p.* 13.

*Sec.* 4838, *Gantt's Dig.,* does not say *all* actions, nor prevent any citizen from prosecuting his suit. If it does, then, where the prosecuting attorney declined to act or was in collusion with county officers, the citizens would be remediless.

*George J. Summers,* for appellee Blades:

Sumpter is a stranger in the suit. *Gantt's Dig.,* secs. 4475–6–7–8, refers to persons having direct and immediate interests.

*Sec.* 13, *Art.* 16, *Const.,* refers alone to illegal taxes and illegal demands therefor. Every action must be prosecuted in the name of the real party at interest. *Gantt's Dig.,* sec. 4469; 26 *Ark.,* 463.

The suit should have been by the attorney general, the

prosecuting attorney, or by one of them in the name of the State.  *Hill on Trustees*, 4 *Am. Ed.*, *bot. p.* 445 *et seq.*; *Gantt's Dig.*, 4838–9 ; 1 *Ark.*, 277.

The county was capable of receiving the donation.  *Sec.* 940, *Gantt's Dig.*; *Acts* 1875, *p.* 144–5.

*J. M. Harrell and G. W. Murphy*, for appellees.

Argued on the merits.

ENGLISH, C. J.   This suit was commenced on the Chancery side of the Circuit Court of Garland county, on the fifteenth of January, 1881.   The bill was filed in the name of the State for the use of Garland county, and John J. Sumpter joined as complainant in behalf of himself and other citizens and tax-payers of the county.

A demurrer was sustained to the original bill, and an amended bill filed, to which there was a demurrer and answer filed by defendants.   The court sustained the demurrer "for want of proper parties plaintiff," dismissed the suit, and complainants appealed.

The amended bill alleged, in substance, that by act of Congress, entitled "An Act in relation to the Hot Springs Reservation in Arkansas," approved March 3, 1877, and acts supplemental thereto, the United States granted to the county of Garland a suitable tract of land upon the reservation, not exceeding five acres, to be laid off by the commissioners appointed under the act, *as a site for the public buildings of said county*.   That the commissioners, in pursuance of the Act, on the twenty-third of June, 1879, laid off and designated a certain tract of land by survey and plat, which is described by metes and bounds, containing three acres and sixty-two hundredths of an acre, constituting the whole

block No. 114 of the city of Hot Springs, and in the S. E. Qr. of sec. 32, Township 2 S., R. 19 W, and filed said survey and plat in the recorder's office, etc., etc., together with the findings, action, and decision in the matter, etc., etc.

That on the twenty-first day of January, 1880, W. W. Wiggs, county judge of Garland county, claiming to act for and on behalf of said county, executed a lease of said property to George W. Baxter and Walter A. Moore, for the term of ninety-nine years, for the consideration as recited in the lease of $1025, of which $500 was to be paid in cash, and $525 to be paid on the first of January, 1880, and said Wiggs covenanted with the lessees that said sums, when paid, should be in full of all demands of whatever kind for assessments of and on said land for the full term of said lease, etc.

That Baxter and Moore had subleased portions of the ground to other persons, who are named, etc.

That on the execution of said lease, Wiggs delivered possession of the property to Baxter and Moore, and they had put their sub-lessees into possession of the portions subleased to them, and Garland county had thereby been totally deprived of the use of said land for any purpose whatever.

That the rent reserved by said lease, to Baxter and Moore, was wholly inadequate to the real rental value of the premises, and a mere nominal sum when compared with the actual value thereof. That the premises were centrally located, in and near the most valuable portion of the city of Hot Springs, accessible from all parts of the city, etc. That the lease to Baxter and Moore was made secretly, without advertisement, or any chance for public bidding, and was the result of a collusive attempt on the part of Wiggs and Baxter and Moore to unlawfully deprive the citizens of the county and public generally, of the benefit of said grant, which was a charitable use for the benefit of the

58-38

public generally, given to said county for the use and bene-
fits of its inhabitants as a site for public buildings of said
county ; and any lease of the same for ninety-nine years was
a perversion of the intent of the grantor, and an abuse of
trust, etc.    That said lease, sub-leases, possession and con-
trol of said lands by defendants were a cloud upon the title
of Garland county, etc.

Baxter and Moore, and their sub-lessees, and Wiggs were
made defendants.

The bill prayed that the lease and sub-leases be cancel-
led, that defendants be required to surrender up possession
of the property, and that the court devise a scheme by
which the gift of the United States could be made effect-
ual, etc.

The grounds of demurrer to the amended bill, were :

1.   That it did not state facts sufficient to constitute a
cause of action.

2.   That it did not state facts sufficient to entitle the
plaintiffs to the relief sought, they having no interest in the
subject matter of the suit, and no right to maintain the
same.

It was upon the second ground that the court sustained
the demurrer.

It is not material to state the matters of defense set up in
the answer, as the suit was determined on the demurrer to
the bill contained in the answer.

At the time the act of Congress, making the grant in
question, was passed, Garland county was a corporation,
(*Gantt's Dig.*, sec. 937, etc.,) and capable of receiving the
donation. *Ib.*, sec. 940 ; *Act of 5th February*, 1875, sec.
78 ; *Acts of* 1875, p. 144.

By *Act of twenty-seventh February*, 1879, (*Acts of* 1879,
p. 13,) passed before this suit was commenced, all laws
and parts of laws making counties corporations, and

State, use, Garland county et al v. Baxter et al.

authorizing them to sue and be sued as such, were repealed.

This suit could not therefore have been brought in the name of Garland county.

Section 3 of the act last cited provides that: "When any county has any demand against any persons or corporations, suit thereon may be brought in the name of the State for the use of the county," etc.

1. COUN-
TIES:
Suits for,
how pros-
ecuted.

The bill alleges, in effect, that the county judge made an improvident, fraudulent, collusive, and illegal lease to Baxter and Moore of the land donated by Congress to the county for public uses; that the lease was a perversion of the purposes of the grant. If this be true, (and the facts alleged are admitted by the demurrer,) the county had a "demand" against the lessees to have the lease revoked, and suit for that purpose might be brought under the Statute, in the name of the State, for the use of the county.

The word, "demand," as used in the act, is a comprehensive term. DEMAND. A claim: a legal obligation. Demand is a word of art of an extent greater in its signification than any other word except claim. A release of all demands is, in general, a release of all covenants, real or personal, conditions, whether broken or not, annuities, recognizances, obligations, contracts and the like, etc. *Bouvier's Law Dic.*

By Statute, (*Gantt's Dig.*, sec. 4838,) it is made the duty of the prosecuting attorney to commence and prosecute actions, both civil and criminal, in which the State or any county in his circuit may be concerned.

2. ATTOR-
NEY:
His au-
thority to
sue, how
question-
ed.

The solicitors for appellees have made the objection here that the suit in this case was not commenced by the prosecuting attorney.

But this objection was not raised by the demurrer to the bill, and could not properly be presented by demurrer, which goes only to the sufficiency of the allegations of the

bill.    *Tally* v. *Reynolds*, 1 *Ark.*, 99;  *Cartwell* v. *Menifee*, 2 *Ib.*, 356.

The bill was signed by Mr. Davies as attorney for the plaintiffs.  By what authority he undertook to represent the county of Garland, he was not called upon in the court below to show, and the matter cannot be enquired into on this appeal.

But if the allegations of the bill be true, Sumpter had the right to bring the suit in behalf of himself and other citizens and tax-payers of the county.

In this country, the right of property holders, or taxable inhabitants, to resort to equity to restrain municipal corporations and their officers from transcending their lawful powers or violating their legal duties in any mode, which will injuriously affect the tax-payers, such as making an unauthorized appropriation of the corporate funds, or an illegal disposition of the corporate property, etc., has been affirmed or recognized in numerous cases in many of the States.    2 *Dillon's Mu. Corp.*, 3rd *Ed.*, sec. 914 ; *Town of Jacksonport* v. *Watson et al*, 33 *Ark.*, 704.

Counsel have taken a wide range in their briefs, but the question of parties plaintiff, presented by the demurrer, and decided by the court below, is the only one properly presented on this appeal.

Reversed and remanded for further proceedings.