J. G. FAKES, WILLIAM H. BARR, AND THE OKLAHOMA GAS
AND ELECTRIC CO. v. SEYMOUR S. PRICE.

(Filed February 15, 1907.)

1. **CONTRACTS—Contribution** between Wrongdoers. It is a well established and settled rule that among wrongdoers the law raises no implied promise or right of contribution; the legal maxim is, in pari delicto potir est conditio defendentis.

2. **SAME—Same—Damages.** Where a judgment for damages is rendered against joint tort feasors, contribution will not be enforced in favor of one of the joint defendants who pays the whole judgment; but this rule does not apply to a judgment for court costs in such a case.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Frank E. Gillette, Trial Judge.*

*Hays, Thorp & Thorp, John H. Wright* and *M. Fulton* for plaintiff in error.

*W. F. Wilson,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This was an action by Price against the plaintiffs in error to enforce contribution or indemity for their *pro rata* share of the costs in a cause in which there was a joint judgment against him and the plaintiffs in error as co-defendants. It appears from the record that an action was brought in the district court of Oklahoma county by E. H. Cook against Price, Fakes, Barr, The Oklahoma Gas and

Electric Company, and other defendants, in which upon the trial it was found that the defendants in that cause had been guilty of fraud in the management and control of certain property belonging to the Oklahoma City Light and Power Company, in which the plaintiffs and defendants were interested as stockholders or creditors; and on account of the fraudulent character of the transactions complained of, Price, Fakes, Barr and the Gas and Electric Company were required to surrender certain stock, property and assets to the former owners, and certain bonds, mortgages, deeds, judgments and conveyances authorized by them were cancelled and set aside as fraudulent. This decree was fully executed and satisfied except as to costs. A joint judgment was rendered against Price, Fakes, Barr and the Oklahoma Gas and Electric Co., for the costs in that case, amounting to over $1300. Price paid these costs, and this action is to enforce contribution. The trial court heard the evidence and gave Price judgment against his co-defendants, the plaintiffs in error, for their *pro rata* share of said costs. The plaintiffs in error now ask that the judgment be reversed, and that they be discharged from liability to Price.

They invoke the familiar doctrine that there can be no contribution among joint tort feasors. It is a well established rule that among wrongdoers the law raises no implied promise or right of contribution, the legal maxim being *in pari delicto potior est conditio defendentis*. 9 Cyc, 804 and cases cited. This rule is subject to the exception that persons jointly liable for a wrong may have contribution where

there was no wrongful intent, or where the wrong committed was not in itself illegal.

In the case at bar the parties were charged with fraud and conspiracy which they designedly carried out for the purpose of depriving the old corporation of its property and of defrauding its stockholders, and these charges were established by the findings of the referee and the judgment of the court. They cannot be said to come within the exception to the rule. But, does the judgment for costs come within the rule denying contribution? This is not a judgment for damages; the decree was to make restitution and to cancel certain obligations; this was done. The costs were not assessed as a punishment for the fraud, but were an incident to the suit and they were adjudged to pay them as the losing parties in the case. Can it be said that the costs partake of the character or nature of the action or judgment which they follow? No authority has been called to our attention which holds this doctrine. The defendant in error has filed no brief and the plaintiffs in error have cited and relied upon the general rule that there can be no contribution among wrongdoers.

In *Minnis v. Johnson,* 1 Duval (Ky.) 171, the judgment was a joint one for trespass; there could be no contribution as to the judgment. But the judgment defendants entered into a stay bond to stay execution, and the court held that entering into the contract to pay took the case out of the rule, and compelled contribution.

In *Percy. et al., Executors v. Clary,* 32 Md. 245, it was held that while the courts would not enforce contribution

among tort feasors where damages had been awarded for trespass *quare clausum fregit,* yet where one of the defendants had employed and paid the counsel for defending all of the defendants in the action he was entitled to contribution for the attorneys fees.

The presumption is that each party litigant pays his costs as the cause progresses and that he recovers a judgment for his costs to indemnify himself for money expended. Each of these plaintiffs in error were liable individually and severally for the costs made by them in the original action regardless of the judgment in question; yet they were also jointly liable by reason of being compelled to defend jointly. While equity will not aid one wrongdoer to recover from another, and while courts will not lend their assistance to aid one who has been compelled to pay a judgment rendered against several joint tort feasors, yet courts will not enforce the strict rule of non-enforcement of contribution where there are other grounds upon which the judgment may be legally based.

We are inclined to hold that the judgment for costs in this case does not come within the rule contended for by plaintiffs in error. The judgment of the district court of Oklahoma county is affirmed at the costs of plaintiffs in error.

Gillette, J., who presided in the court below, not sitting; Burwell, J., not sitting; all the other Justices concurring.