## GOLDEN v. GOLDEN, Adm'x.

No. 20735. Opinion Filed Feb. 2, 1932.

W. N. Redwine, W. J. Hulsey, and Lena Hulsey, for plaintiff in error.

Counts & Counts, for defendants in error.

CULLISON, J. This is an action to reform a deed. Parties will be referred to as they appeared in the lower court. Defendants answered and pleaded a special defense. Plaintiff replied to defendants' answer. Defendants demurred to plaintiff's reply. Defendants' demurrer to plaintiff's reply was by the court sustained. Defendants moved for judgment on pleadings, which motion was by the court sustained. Judgment rendered in favor of defendants, from which judgment plaintiff appeals to this court.

L. B. Golden, plaintiff herein, was the father of Frank J. Golden, deceased. Frances C. Golden was the widow of Frank J. Golden, deceased, and Annavee Golden and John Golden were minor children of said deceased. All of the latter parties were defendants in said cause.

Plaintiff was the owner of considerable property in Pittsburg and Latimer counties, Okla. His health failed and he turned the business over to his son, Frank J. Golden, and went to Europe. Later, plaintiff returned to Hartshorne, Okla., and secured from F. J. Golden and Frances Golden a warranty deed conveying to plaintiff lot 5 in block 98, Hartshorne, Okla., which said deed is the basis of this cause of action.

Plaintiff, in his petition, alleged that there was a mutual mistake made in the execution of said deed in that the description should have been lots 5 and 6, of block 98, Hartshorne, Okla.; that there was a mutual mistake in omitting lot 6 from said description, and plaintiff prayed that said deed be reformed so as to include lot 6, block 98.

Defendants filed their amended answer to plaintiff's petition wherein defendants denied generally the allegations in plaintiff's petition except defendants admit that Frank J. Golden departed this life on or about December 7, 1925, and that Frances Golden

is the executrix of the last will and testament of the deceased and guardian ad litem for said minor children. Defendants specifically denied that the deed pleaded in plaintiff's petition was executed through mistake of fact and denied that lot 6 was left out or omitted by mutual mistake upon the part of the parties thereto.

Defendants, further answering, alleged that on December 15, 1925, plaintiff and defendants entered into a written contract for the full settlement of all claims and demands which plaintiff had against Frank J. Golden, deceased, the Golden Mercantile Company, or the estate of Frank J. Golden, deceased, and attached a copy of said contract to their answer as exhibit "A."

Defendants further plead that the contract was entered into for the purpose of settling and securing the dismissal of certain suits pending in the district court of Pittsburg county wherein plaintiff had instituted suit against F. J. Golden and Frances Golden seeking the recovery of large sums of money and other relief, and attached to said amended answer as exhibit "B" the petition in case No. 9101, L. B. Golden, Plaintiff, v. F. J. Golden, Defendant, in the district court of Pittsburg county, Okla., wherein plaintiff sued for $1,650 in the first count of his petition, for $3,450 in the second count, for an accounting of between $10,000 and $20,000 in the third count of said petition, and in the fourth count prayed that plaintiff have a lien pendente lite upon all of defendants' property for amounts due.

Exhibit "C" attached to defendants' answer is the petition of plaintiff in an action pending in Pittsburg county, Okla., wherein this plaintiff was plaintiff and F. J. Golden and Frances Golden were defendants. Plaintiff, in said action No. 9813, predicated his first cause of action on a promissory note in the sum of $10,000, alleged to have been executed by defendants. Plaintiff's second cause of action in said case No. 9813, supra, is predicated upon a promissory note in the sum of $3,000, alleged to have been executed by defendants.

Exhibit "D" attached to the amended answer is petition in case No. 8963, L. B. Golden, Plaintiff, v. F. J. Golden and Frances Golden, Defendants, wherein plaintiff alleges that he had loaned defendants a total of $13,000, which amount was due and unpaid, and that a portion of said money was used in the erection of certain buildings located in Hartshorne, Okla., one of

said buildings being described as a brick building on lots 5 and 6 in block 98, Hartshorne, Okla. In said suit plaintiff prayed that defendants and their agents and servants be enjoined and restrained by this court from selling, mortgaging, or incumbering any of said property.

Exhibit "E" is an order of the district court in case No. 8963, supra, wherein the court sustained a demurrer to plaintiff's petition and dissolved the temporary restraining order, which order became final.

Plaintiff, in the case at bar, filed his amended reply to defendants' amended answer, specifically denying all allegations not heretofore specifically alleged in plaintiff's petition or admitted.

Plaintiff specifically denied that he entered into the written contract with defendants on December 15, 1925, for the purpose of settling all claims and demands which plaintiff then held relative to lot 6, block 98, Hartshorne, Okla., against Frank J. Golden, deceased, the Golden Mercantile Company, or the estate of Frank J. Golden, deceased, touching or appertaining to his claim that the deed of Frank J. Golden, deceased, dated about January 30, 1924, was a complete and correct deed, and that it was not the intention of said parties in said contract to cover the question of real estate owned by the parties to said contract. Plaintiff further contending that said contract was intended to cover money due as a basis of the suits pending in the district courts and for the settlement of other matters specifically set out in said contract; but that it was not the intention of the parties to said contract to bar plaintiff's right to recover the lot in controversy.

Defendants demurred to plaintiff's amended reply and the court sustained said demurrer. Thereupon, plaintiff announced that he elected to stand upon his amended reply to defendants' amended answer and refused to further plead. Whereupon, the defendants moved the court for judgment on the pleadings. Both parties announced ready for hearing on said motion. Whereupon, the court rendered judgment on the pleadings in favor of defendants and against plaintiff.

Plaintiff, in his brief, sets out five specifications of error, but says that all of such assignments may be properly presented to the court in this brief under the third assignment, to wit:

"That the court erred in sustaining the demurrer of defendants to plaintiff's amended reply."

Plaintiff brought his suit seeking the reformation of the deed pleaded in his petition, on the theory that the contract was a contract for the settlement of all amounts of money due or liabilities existing between the parties to the contract, but that said contract did not in any way touch or affect the real property owned by any of the parties to said contract.

Defendants defend upon the theory that the contract entered into was a settlement of all claims and demands of every nature and kind existing between the parties to said contract at the date of the execution of the contract, and that all claims or liability or claims of interest in property existing prior to the date of the execution of the contract, to wit, December 15, 1925, were settled by the terms of said contract.

This necessitates a careful consideration of the terms and conditions of the contract, so as to ascertain whether or not the wording of the contract is sufficiently plain, and broad enough to cover all of the claims and demands between the parties to the contract or whether it covers only a part of them as contended by plaintiff.

The contract specifies: (1) That Frank J. Golden departed this life on December 7, 1925, and left certain real and personal property in Pittsburg county, Okla.; (2) that said deceased was indebted to divers persons at the time of his death.

The fourth paragraph of said contract is as follows:

"That said Frances Golden and L. B. Golden have mutually agreed that the said Frank J. Golden was indebted to the said L. B. Golden at the date of his death in a large sum of money, and that in order to settle and adjust said claim, the said L. B. Golden agrees to receive and accept the property hereinafter described in full settlement of all claims held by him against the said Frances Golden, deceased, and to that end it is hereby mutually agreed by and between the parties hereto as follows:

"(a) It is agreed that the said Frances Golden will immediately file her application with the county court of Pittsburg county, Okla., praying that the will of the said Frank J. Golden be admitted to probate, and that she will duly qualify and act as executrix under said will in the event she is appointed as such by said court.

"(b) It is further agreed that the said Frances Golden as such executrix will convey to L. B. Golden the following described property, to wit:

"One stock of merchandise together with the fixtures constituting what is known as the Whiteway Grocery & Market now located and in operation in the Bond Lebrand Building, 10th and Penn. Ave., in the city of Hartshorne, Okla.; together with one counter scales manufactured by the Toledo Scales & Manufacturing Company, and known as the Money Weight Scales, now located in the Economy Grocery, Hartshorne, Okla., free and clear of all taxes and other liens.

"(c) It is further agreed that party of the first part shall pay to the party of the second part the sum of $600 cash, as hereinafter set forth, to be applied in payment of the attorneys' fees due by the said L. B. Golden to Hulsey and Null and W. N. Redwine.

"(d) The said L. B. Golden hereby agrees to accept the above-described property **in full settlement of all claims and demands** which he holds against the said Frances Golden or Frank J. Golden, deceased, or against the estate of Frank J. Golden and the Golden Mercantile Company, and hereby agrees to dismiss with prejudice two certain suits now pending in the district court of Pittsburg county, Okla., wherein L. B. Golden is plaintiff, and Frank J. Golden and Frances Golden are defendants, and further agrees to cancel and surrender up all bills, notes, bonds, or other evidences of indebtedness which he holds against Frances Golden, Golden Mercantile, Frank J. Golden, deceased, or the estate of Frank J. Golden, deceased."

The remaining portion of said contract reads as follows:

"It is further agreed that the said Frances Golden, for herself and for the said Frank J. Golden, deceased, and for the estate of the said Frank J. Golden, deceased, and the Golden Mercantile Company, in consideration of the terms and agreements herein agreed upon, shall and does hereby release the said L. B. Golden, and agrees to hold the said L. B. Golden harmless from all claim of the said Frank J. Golden, deceased, Frances Golden and the Golden Mercantile Company and agrees to liquidate and pay said note for the principal sum of $4,100, dated March, 1919, made payable to Frank Purcell on demand, and signed by the said Frank J. Golden and the said L. B. Golden.

"It is further agreed that this contract is entered into with the understanding that a transfer of stock of merchandise in trade without notice under the Bulk Sales Law, and that the said Frances Golden does hereby agree that she will satisfy all creditors and will protect the said L. B. Golden from any and all claims from said store or the Frank J. Golden estate.

"It is further agreed that the notes and other evidence of indebtedness against the said Frank J. Golden estate held and owned by the said L. B. Golden for which provision is hereby made for their cancellation and release, and also the $4,100 note endorsed by L. B. Golden, shall be deposited with the county judge of Pittsburg county, Okla., and they shall not be canceled until this contract is approved by the county judge, and it has been determined that the terms and conditions of this contract are complied with.

"It is further agreed that upon the approval of this contract and stipulation by the county judge, then and in that event the said notes and other evidence of indebtedness shall be canceled and delivered up to the said Frances Golden upon compliance with the agreement and stipulation herein contained.

"It is further agreed that this contract and settlement herein stipulated for shall not be binding upon either the parties hereto until the said Frances Golden has been appointed executrix of the last will and testament of the said Frank J. Golden, deceased, and this contract has been duly and legally presented to the county judge of Pittsburg county, Okla., for his approval, and until said court has duly approved said contract and authorized the settlement herein made, and in the event said court shall fail or refuse to approve the settlement herein made, that then and in that event this contract shall become null and void and without any force or effect, and that neither of the parties hereto shall be bound hereto.

"Witness our hands at McAlester, Okla., this 15th day of December, A. D., 1925.

"Frances Golden, Party of the First Part. "C. C. Null,

"Counts & Counts, Attorneys for Party of First Part.

"L. B. Golden, Party of the Second Part.

"W. N. Redwine & Hulsey & Null, by B. S. Null, Attorneys for Party of the Second Part."

We observe that by the terms and conditions of the contract just quoted, L. B. Golden, plaintiff herein, agrees to accept the above described property "in full settlement of all claims and demands which he holds against the said Frances Golden or Frank J. Golden, deceased, or against the estate of Frank J. Golden and the Golden Mercantile Company. * * *"

Defendants contend that the clause, "in full settlement of all claims and demands," is sufficiently full and inclusive to cover all rights or demands that existed between the parties at the time of the execution of the contract, including their rights to the real property.

We will now consider the terms and conditions of the contract under consideration, in the light of the interpretation placed upon said language by the courts of last resort.

This court has passed upon the question of construction of a contract in the case of Curtis v. Yale Oil Refining Co., 91 Okla. 93, 216 P. 433, wherein the court held:

"Where the agreement between parties is reduced to writing and mutually signed, and where the consideration agreed upon is expressed in unequivocal language which is free from ambiguity, the obligee in the contract is estopped to insist upon a strained and unnatural construction of the language used in order to impart a consideration more favorable to himself than that plainly expressed in the contract."

Also, in the case of Autry v. First National Bank, 131 Okla. 279, 269 P. 286, this court said:

"The rule is that competent parties make their own contracts and * * * the courts will not make contracts for them, but will only enforce contracts which they themselves have made."

In the Curtis Case, just cited, the court held that the obligee in the contract is estopped to insist upon a strained and unnatural construction of the language used in order to import a consideration more favorable to himself than that plainly expressed in the contract.

Plaintiff, in the case at bar, is the obligee in the contract under consideration, and would be estopped to insist upon a strained construction of the language used in order to support a more favorable construction of the contract to himself.

The contract contains the expression, **"in full settlement of all claims and demands."** We consider the phrase, **"in full settlement,"** to be sufficiently plain and conclusive as to not require extensive discussion of its exact meaning. The phrase, **"of all claims and demands,"** should be construed in accordance with the meaning placed upon the words "claim" and "demand" by the courts of this country.

In the case of Prigg v. Commonwealth, 10 L. Ed. 1060, at page 1089, the Supreme Court of the United States defined "claim" as follows:

"What is a claim? It is, in a just juridical sense, a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty. A more limited, but at the same time an equally expressive definition, was given by Lord Dyer, as cited in Stowell v. Zouch, Plowden, 159; and it is equally applicable to the present case: that 'a claim is a challenge by a man of the propriety or ownership of a thing, which he has not in possession, but which is wrongfully detained from him'."

The word "demand" is defined in Words & Phrases (1st Series) vol. 2, at page 1974, as follows:

"According to Lord Coke the word 'demand' is the largest word in the law, except 'claim,' and a release of demands discharges all sorts of rights and titles, conditions before or after breach, executions, appeals, rents of all kinds, convenants, annuities, contracts, recognizances, statutes, commons, etc. Vedder v. Vedder (N. Y.) 1 Denio, 257, 261.

"A demand is a claim; a legal obligation. 'Demand' is a word of art, of an extent greater in its signification than any other word, except 'claim.' A release of all demands is in general release of all covenants, real or personal, conditions, whether broken or not, annuities, obligations, contracts, and the like. State v. Baxter, 38 Ark. 462, 467."

Under the authorities just cited, the word "claim" is a more comprehensive word than "demand."

Lord Coke says that the word "demand" is the largest word in the law except "claim." A release of all demands is in general a release of all covenants, real or personal, whether broken or not, annuities, obligations, contracts, and the like.

The United States Supreme Court defines "claim" as a challenge by a man of the propriety or ownership of a thing, which he has not in possession, but which is wrongfully detained from him.

A demand is a peremptory claim to a thing of right. It differs from a claim in that it presupposes that there is no defense or doubt about the question of right. Demand will not admit of delay, but is an insistence upon immediate observance, while claim, on the other hand, implies that the right is or may be doubtful, and that negotiations shall be had to determine the same.

In the light of the above explanation, we are of the opinion that when the parties to the contract executed the same in full settlement of all claims and demands existing between the parties to said contract, the language of the contract is sufficiently full and comprehensive to cover all rights, demands, claims, or disputes as to property existing at the time of executing said con-

tract,—that the claim or contention of the plaintiff to the property in question is without merit.

The record further discloses that the deed sought to be reformed, a copy of which is attached to plaintiff's petition, was executed on January 30, 1924, long prior to the date of the execution of the contract of settlement between plaintiff and defendants, on December 15, 1925, and that plaintiff's claim to said lot in controversy was in existence at the time of executing the contract under consideration.

After a full and careful consideration of the pleadings in the case at bar, and the exhibits attached thereto, including the contract under consideration, we have arrived at the conclusion: That the contract under consideration is a plain and unambiguous contract; that said contract settled all claims and demands for rights in controversy existing between the parties to said contract at the time of the execution thereof, that the terms and conditions of the contract are sufficiently full, clear, and unambiguous, so as to prevent plaintiff from evading or varying the terms thereof by his amended reply; that the sustaining of the demurrer to the amended reply and motion for judgment on the pleadings was proper.

The decision of the lower court is affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., not participating. RILEY, J., absent.

Note.—See under (1), 6 R. C. L. 841, 842; R. C. L. Perm. Supp. p. 1835, R. C. L. Pocket Part, title Contracts, § 281.