## MILLER et al. v. ANDREWS et al.

No. 24468.     April 9, 1935.

V. E. Stinchcomb, for plaintiffs in error.

Pearson & Houston and Wesley A. Smith, for defendants in error.

PER CURIAM. On the 15th day of August, 1920, one G. C. Barr, having title to lot 1, except west 5 acres thereof, and all of lot 4 in South Glendale addition to the city of Oklahoma City, by warranty deed sold and conveyed the same, for a consideration of $6,500, to the plaintiff Dora J. Andrews.

On the 17th day of December, 1914, in cause No. 16071, in the district court of Oklahoma county, Okla., one C. R. Berks obtained default judgment against J. W. Barr, G. C. Barr, D. A. Shriver, George G. Miller, and L. or Lee Stinchcomb.

The following is the concluding portion of the journal entry of said judgment:

"It is, therefore, ordered and adjudged by the court that plaintiff do have and recover of and from J. W. Barr and G. C. Barr, the makers of the note sued on, the sum of $318.45 principal and interest to December 17, 1914, and the sum of $31.84 attorney fee, in all the sum of $350.30, with interest thereon from this date at the rate of 8 per cent. per annum, and of and from D. A. Shriver, George G. Miller, and L. Stinchcomb, as guarantors on said note, and that plaintiff also have and recover of defendants, his costs herein laid out and expended, taxed at $——. And the court also decrees that execution issue 'first against' the property of the said J. W. Barr and G. C. Barr, and against the property of each of them, and in case sufficient property is not found to satisfy plaintiff's judgment herein, then that execution issue against the property of the said D. A. Shriver, George Miller and L. Stinchcomb, as guarantors, and that said guarantors and each of them have recourse against the said J. W. Barr, and G. C. Barr for whatever sum, if any they, each or any of them may be required to pay on this judgment."

The following shows the entries on the left page and the right page of the judgment docket of cause No. 16071, and the same should be read as though the seven lines extended directly across the left-hand page into and across the right-hand page of said judgment docket, and this copy is made showing the entries in the same position as they appear in the photostatic copy of both in the case-made in this cause:

480

| No. | Date of Judgment | Date of Entry | Judgment Debtor | Judgment Creditor |
|-----|------------------|---------------|-----------------|-------------------|
| 16071 | 12-17-14 | 12-18-14 | Barr, J. W. | C. R. Birks |
| | | | ”   G. C. | |

Right Page

| Amount of Judgment | Remarks |
|--------------------|---------|
| $315.00 per J. E.   This judgment paid by Lee Stinchcomb & Geo. G. Miller, Sureties who claim Re-Payment from J. W. & G. C. Barr, Judgment Debtors | Received of Sheriff $359.93 in full satisfaction of this judgment This Oct. 28”, 1915 <br> A. N. Munden for Plff <br> C. R. Birks <br> This Judgment still in force as to J. W. & G. C. Barr Defts. <br> Cliff Myers <br> Court Clerk |
| | Same Paid by Lee Stinchcomb and Geo G. Miller, Sureties on note who claim Repayment from J. W. & G. C. Barr. |

By virtue of these entries made by the deputy court clerk and the court clerk, the sureties, either under the right of "subrogation" or the claim of a lien on this property purchased by Dora J. Andrews, caused an execution to be placed in the hands of the sheriff on the 5th day of January, 1932, who levied "upon the property belonging to said defendant J. W. Barr sufficient to satisfy the above judgment in favor of C. R. Birks against J. W. Barr, G. C. Barr, George G. Miller, and Lee Stinchcomb, and George Miller and Lee Stinchcomb having been subrogated in said judgment to all of the rights of C. R. Birks, and on the 23rd day of January, 1932, publication notices were given by the sheriff, under said execution, that the property so conveyed to plaintiffs would be offered for sale on March 1, 1932, at the west front door of the courthouse in Oklahoma City, Okla., at the hour of 2 o'clock p. m. on said day.

On February 19, 1932, the plaintiffs, Dora J. Andrews and Calvin B. Andrews, brought an action in the said district court against D. A. Shriver, George G. Miller, L. Stinchcomb, sometimes called Lee Stinchcomb, and Stanley Rogers, sheriff of said county; the pertinent allegations of the petition, briefly stated, are the following:

A conveyance of the real estate by warranty deed on August 26th, from William Chant and wife and Fred S. Brown and wife to C. D. Andrews.

A conveyance of the real estate by warranty deed on May 3, 1910, from C. D. Andrews and Dora J. Andrews to G. C. Barr.

A conveyance thereof on August 15, 1920, by warranty deed from Dora J. Andrews to Calvin B. Andrews.

The proceedings in case No. 16071, and the judgment rendered therein, and the satisfaction of the same by the entry on·the judgment docket in the following language:

"Received of sheriff $359.93 in full satisfaction of this judgment this Oct. 28, 1915 (signed) A. N. Munden ·for plaintiff, C. R. Birks."

That when she purchased said premises, the abstract of title did not disclose any of the other entries made on the above judgment docket, and relying on this state of the record, she purchased same, and her first knowledge or notice as to the claims of these sureties being made was when the sheriff was about to sell her property under this aforementioned execution; that these later entries on the judgment docket made for these sureties were void; that the execution issued was void and a cloud on the title to her real estate, and that the same should be quieted and defendant enjoined from asserting any title thereto, and the defendant, sheriff, also enjoined from making any sale under the execution.

To the allegations of the petition the defendant sureties Miller and Stinchcomb interposed a general denial, averring that the judgment against the property in cause 16071 has always been a lien, which fact was well known to plaintiffs when said property was so purchased in the year 1920, and at this date said judgment is ·valid and binding, and they further stated that they, the said defendants, were solvent, and could respond in damages should the sheriff wrongfully sell the property under the execution in his hands.

The sheriff, in his answer, adopted the allegations of defense made by the sureties.

To these answers of the defendant sureties and the sheriff, plaintiffs filed a reply in the nature of a general denial of all allegations thereof inconsistent with the allegations of their petition.

There does not appear anywhere in the record any instrument of record filed in this action in the court below other than the entries appearing on the judgment docket, or offered in evidence, under which these surety defendants could claim any lien that would validate the ·execution, under which the sheriff, under the law, could have been warranted in making this sale, nor under which a sale could have been made, as recited in

the sheriff's notice of the sale, under any right of contribution of "subrogation" existing in favor of the sureties.

The following are the entries made on the judgment docket, by which it is now claimed by these surety defendants that they had such a lien as would authorize the issuing of the execution in the instant action:

"(a) This judgment paid by Lee Stinchcomb and George G. Miller, sureties, who claim repayment from J. W. and G. C. Barr, judgment debtors.

"(b) Same paid by Lee Stinchcomb and George G. Miller, sureties on note, who claim repayment from J. W. and G. C. Barr.

"(c) This judgment still in force as to J. W. and G. C. Barr, Cliff Myers, court clerk."

It clearly appears from a review of the record that the first two of the foregoing entries were made by the said Cliff Myers when he was a deputy court clerk, and the last was made by him when he was the court clerk. It also clearly appears from the record that the following entry was written on the judgment docket by the attorney for plaintiff, in cause No. 16071, to wit:

"Received of sheriff $359.93 in full satisfaction of this judgment. This Oct. 28, 1915. A. N. Munden, for plff. C. R. Birks"

—and that this entry appeared thereon at the time Dora J. Andrews took her deed.

None of these entries entered on this judgment docket, as above set forth, operated to create any lien on the real estate sufficient to authorize any execution to issue which would warrant the sheriff thereunder to sell the real estate sought to be sold by the latter thereunder.

The statutes of the state clearly indicate what is required by surety defendants in order to claim the right, either of contribution or "subrogation," to issue an execution, when they have paid the debt for which they are sureties. Section 477, O. S. 1931, provides as follows:

"Joint Debtors or Sureties May Have Contribution. When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may, regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others; and when a judgment is against several, and is upon

an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal; in such case, the person so paying or contributing, is entitled to the benefit of the judgment, to enforce contribution or repayment, if within ten days after his payment he file with the clerk of court where the judgment was rendered, notice of his payment and claim to contribution or repayment. Upon a filing of such notice the clerk shall make an entry thereof in the margin of the docket."

These sureties did not file with the clerk of the court, within the ten days mentioned and required by this statute, such notice, showing that they had paid the judgment or that they claimed contribution or repayment.

It was the manifest intention of the Legislature to require sureties in a judgment, discharged by their payment, to file a legal document in the cause showing that they had paid the judgment and were claiming contribution and repayment. This statute is not satisfied by mere entry by the clerk, at any time, that the sureties were claiming repayment from their principal. The words in this statute, "upon a filing of such notice," have a definite legal meaning. It required this notice to be on a separate paper and placed in the hands of the clerk to be put by him with the other papers in the case.

"Filing. Delivery of a paper to the proper officer to be kept on file; placing and leaving a paper among the files; placing a paper in the proper official custody; presenting a paper at the proper office and leaving it there, deposited with the papers in such office; placing a paper in the proper official's custody by the proper party charged with this duty, and the making of the proper indorsement by the officer; receiving a paper into custody, and giving it a place among other papers; the act of either party bringing the paper and depositing it with the officer for keeping or the act of the officer in folding, indorsing it and putting up the paper." 19 Cyc. 530.

It has always been the policy of the law in construing statutes creating liens on real estate in all proceedings resulting in a judicial conveyance of real estate, to require all proceedings by which such lien is created to be a part of the records of the proceedings. Richards v. Tynes, 149 Okla. 235, 300 P. 297.

One of the reasons for this is that a record is made whereby the public may safely bid at any such judicial sale. With this in mind, this statute clearly expressed that there should have been filed with the court clerk a separate statement in which a claim for repayment or contribution should be stated, and this notice should be filed within ten days after the surety has paid the judgment.

This requirement is mandatory. This neglect of the sureties resulted in making the execution under which the sheriff was proceeding to sell void and of no effect. No lien was created on this real estate in question on which this execution could have been issued under the law. Love, Sheriff, et al. v. Cavett, 26 Okla. 179, 109 P. 553.

Anyhow, the trial court, upon a consideration of all the evidence and testimony at the trial, found all of the averments in plaintiffs' petition were true, among which was the fact that Dora J. Andrews took her conveyance of the real estate with no notice of any claim of these sureties in case No. 16071, and there was no lien thereon when she received her conveyance, nor did it then constitute any lien on said property, and that the defendants should be permanently enjoined from molesting plaintiffs in their title to any possession thereof.

The judgment of a trial court, when not against the clear weight of the evidence, should not be disturbed here by this court. Hines v. Olsen, 78 Okla. 259, 190 P. 266; Salmon v. Johnson, 78 Okla. 182, 189 P. 537; Watashe v. Tiger, 88 Okla. 77, 211 P. 415.

A careful examination of the record in this case discloses that the clear weight of the evidence before the trial court supports the finding of the facts and the conclusions of law embodied in the judgment of the court, and the said judgment should in all things be affirmed; and it now here appearing that the case-made contains a copy of the supersedeas bond, executed by Lee Stinchcomb, George G. Miller, and Stanley Rogers, sheriff of Oklahoma county, as principals thereof, and Knox B. Henderson, as surety, in the sum of $100, for payment of costs in case judgment herein should be against them, it is, therefore, ordered and decreed by this court that the judgment of the trial court in all matters be affirmed, and this cause remanded to the court below, with directions to the latter to tax the costs against the defendants herein, Lee Stinchcomb, George G. Miller, and Stanley Rogers, as such sheriff, and when so taxed, to enter a personal judgment for the amount thereof against said defendant, as principal and the said Knox B. Henderson, as surety, on the supersedeas bond, and in favor of

the plaintiffs below, Dora J. Andrews and Calvin D. Andrews.

The Supreme Court acknowledges the aid of Attorneys W. L. Merwine, C. J. Pinkston, and T. H. Wren in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Merwine and approved by Mr. Pinkston and Mr. Wren, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.