WALSH v. KUDER.

*95 P. 2d 876.*

No. 29100.   Oct. 10, 1939.

Rehearing Denied Nov. 21, 1939.

O. B. Martin, of Blackwell, for plaintiff in error.

C. L. Armstrong, of Ponca City, for defendant in error.

WELCH, V. C. J.   A money judgment was rendered in district court against a principal defendant and two sureties on his fidelity bond. Henrietta Kuder, one of the sureties, paid the judgment. Then within the time and in the manner provided by section 477, O. S. 1931, 12 Okla. St. Ann. § 831, she filed with the clerk proper notice of claim of contribution and proper notation thereof was made by the clerk. Thereafter, upon praecipe filed by Kuder, the clerk issued execution, which was levied upon certain property of the other surety, Walsh, whereupon Walsh moved to recall and quash the execution.

The trial court overruled this motion, from which action Walsh has perfected this appeal.

It is contended that the execution was not issued in conformity with law and without authority of law and without any order or judgment of the court having been rendered in this case in favor of the said Henrietta Kuder and against the said H. F. Walsh. It is asserted:

"We take the position that before a valid execution can be issued there must first be a judgment existing in favor of the party causing the issue of the same and against the party against whose property it is directed. * * *"

Plaintiff in error cites sections 505 and 477, O. S. 1931, and in connection with the assertion that the trial court had never been asked by any pleading to render a judgment in favor of Kuder cites Whitehead v. Bunch et al., 134 Okla. 63, 272 P. 878. Other cases are cited to the effect that the execution must conform to the judgment.

We do not think plaintiff in error's contention is sound or that his cited authorities in any wise indicate error in the action of the trial court.

Plaintiff in error does not contend that defendant in error failed in any respect to comply with the requirements of section 477, supra; nor that the execution was issued for any improper amount of contribution. He bases his position on the fact that no specific judgment was rendered in favor of defendant in error and against him for the amount for which execution was issued. Plaintiff in error suggests generally in his brief that "he has a valid defense to any demand or claim that may be made against him by the defendant in error for contribution," but no such defense is mentioned in the motion to recall or quash execution, nor specified in any further detail in the brief. Our former opinion in Miller v. Andrews, 171 Okla. 479, 43 P. 2d 415, rather definitely indicates that a surety on full compliance with section 477, supra, may have execution for contribution, without any subsequent specific judgment being rendered therefor, though in that case the surety was not so protected because he had not complied with the requirements of that section. Therefore that case is not directly in point.

Although it seems this court has not passed directly upon the question whether it is necessary for the court to take some affirmative action before an execution may issue to the party paying the judgment as here shown, we find that the question seems to have been sufficiently answered contrary to plaintiff in error's contention in Ankeny, Assignee, etc., and Another v. Moffett and Another (Minn.) 33 N. W. 320, wherein the court in construing a statute essentially similar to our section 477, supra, held:

"Under General Statute 1878, c. 66,

70

sec. 330, where one of several debtors, against whom there is a joint judgment, pays more than his proportion, and files notice of his payment and claim to contribution, he is ipso facto subrogated to the right of the judgment creditor in the judgment, and may issue execution thereon to enforce contribution from the other judgment debtors."

Observe also the expression of the Kansas Supreme Court in City of Ft. Scott v. Kansas City, Ft. S. & M. R. Co., 72 P. 238.

We have found helpful discussions of the subject generally in 13 C. J. 833; 13 Amer. Juris., pp. 64-69-74, and extensive notes thereunder, and our examination of the authorities therein found discloses nothing which appeals to us as supporting plaintiff in error's view.

The order and judgment of the trial court is affirmed.

Judgment is requested upon the supersedeas bond, and the record contains a copy of the supersedeas bond executed by H. F. Walsh as principal and Cecil Bell and Thad Tucker as sureties. It is therefore ordered that judgment is hereby rendered against the plaintiff in error, Walsh, as principal, and against Cecil Bell and Thad Tucker as sureties, in the sum of $299, with interest thereon at the rate of 6 per cent. per annum from July 25, 1938, and costs, to be enforced by the trial court.

RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and GIBSON, J., absent.