**NATIONAL TRAILER CONVOY, INC.,**
a Corporation, Plaintiff in Error,

**v.**

**OKLAHOMA TURNPIKE AUTHORITY,**
a Body Corporate and Politic,
Defendant in Error.

No. 41392.

Supreme Court of Oklahoma.

Jan. 6, 1967.

Rehearing Denied Oct. 3, 1967.

Alfred B. Knight, Tulsa, for plaintiff in error.

Covington & Gibbon, A. M. Covington, Tulsa, for defendant in error.

BERRY, Justice.

A fatal automobile collision upon the Will Rogers Turnpike in 1958 culminated in the deceased's administratrix recovering a substantial judgment for damages, entered upon a jury verdict against the defendants, National Trailer Convoy, Inc. and its agent, Wix, and the Oklahoma Turnpike Authority. That judgment was affirmed by this Court on July 17, 1962. See National Trailer Convoy, Inc. v. Saul, Administratrix,

Okl., 375 P.2d 922, for elaboration of the facts and the issues of law determined by that appeal.

On October 17, 1962, the Oklahoma Turnpike Authority and its insuror, hereafter designated defendant, or the Authority, entered into what was styled "Agreement and Covenant Not To Proceed" with the administratrix. This agreement expressly stipulated that for a consideration of $40,000.00 the administratrix agreed to proceed solely against the other judgment debtors for the balance ($74,000.00) owed under the judgment.

Thereafter (October 25, 1963) National Trailer Convoy, as plaintiff, began the present action against the Authority. The petition, and amendments, alleged the foregoing matters, and rendition of the judgment against all defendants in an action predicated upon the theory of vicarious liability of each principal defendant arising from negligence of employees of each; at the date of judgment the Authority knew plaintiff's employee (Wix) was insolvent, except for coverage by an insurer known to be undergoing liquidation; subsequent to the date for making final claim against that insurer, and without notice or knowledge of plaintiff, the Authority and its insurer entered into the agreement mentioned; as a result of the remaining liability, and in order to avoid levy of execution upon the supersedeas bond, the plaintiff was required to pay the administratrix $74,000.00 to satisfy the balance, including interest, of the judgment and secure release of the bond. The petition alleged demand upon the Authority to pay its contributive portion of such payment had been refused, and prayed judgment against the defendant Authority for ($16,-623.53) contribution.

Various motions were heard and overruled, including plaintiff's motion to make defendant's insurer a party upon the grounds the company was a proper party to be sued directly and had acted conjointly with the defendant in securing the Covenant. The trial court heard and determined the matter upon the demurrer to the peti-

tion, upon the grounds the petition failed to state a cause of action, and because the Authority was not amenable to such action. Motion for new trial was overruled and plaintiff brought this appeal upon the original record.

Plaintiff presents four propositions as grounds for reversal. The basic argument, which essentially is two-fold, relates to the question of whether the Authority presently is immune from suit and liability for negligence. Plaintiff asserts that statutory enactments relating to turnpikes disclose clear legislative intention to subject the Authority to suit and liability as is reflected by the original turnpike legislation of 1947, 69 O. S.1951 §§ 653, 655(d). Then plaintiff says the 1959 amendments, [69 O.S.1961 §§ 653, 655(d)] carried forward authorization for the Authority to sue and be sued, although in exercise of its powers and functions the corporate entity was deemed an essential governmental function of the State. A second, closely related, argument is that even though the 1959 amendments to the turnpike legislation be interpreted as having reinstated the immunity of the Authority from suit, the plaintiff's cause of action is unaffected. This conclusion is bottomed upon the argument that governmental immunity extends only to actions for tort committed by agents, and does not extend to actions in contract or equity, which plaintiff relies on here.

Plaintiff recognizes the absence of specific declaration as to the effect of the 1959 amendments upon the previous waiver of governmental immunity of the Authority. However, it is argued that litigation engaged in by the Authority subsequent to such amendments must be considered significant, because these cases were negligence actions and the Authority made no attempt to defend upon the theory of immunity from suit or liability arising from negligence of agents or employees. See Oklahoma Turnpike Authority v. Kitchen, Okl., 337 P.2d 1081, and Oklahoma Turnpike Authority v. Walden, Okl., 371 P.2d 920.

It is unnecessary to determine questions arising from plaintiff's arguments as to whether the Authority's immunity from suit and liability for negligence was waived or extended by the 1959 amendments. The judgment involved was rendered upon a cause of action which arose prior to the amendments. In the ultimate analysis plaintiff urges that the decisive issue is * * * whether, in the absence of being joint tortfeasors, is there a right to contribution or equitable right of indemnity between joint judgment debtors in Oklahoma."

■ Plaintiff acknowledges the general rule to be that, in absence of statute, where injury results to a third party from concurring negligence of several wrongdoers there exists no right of contribution although one is compelled to discharge more than his share of the liability. 18 Am.Jur.(2) § 33. As to contribution under express statutory authorization, see annotations: 60 A.L.R.2d 1368. The argument is that the rule can apply only to tortfeasors whose active negligence concurred in causing injury to a third party. Upon this basis plaintiff urges the primary negligence involved was that of plaintiff's employee who was insolvent, and thus the only parties capable of satisfying the judgment were not actively negligent and their liability was fixed only as the result of negligence of their employees.

■ Prior decisions of this Court have considered the matter of the right of contribution between joint tortfeasors. In Fakes v. Price, 18 Okl. 413, 89 P. 1123, the syllabi state:

"It is a well-established and settled rule that among wrongdoers the law raises no implied promise or right of contribution. The legal maxim is, 'In pari delicto potior est conditio defendentis.'"

"Where a judgment for damages is rendered against joint tort-feasors, contribution will not be enforced in favor of one of the joint defendants who pays the whole judgment, but this rule does not apply to a judgment for court costs in such a case."

In Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, this rule was approved

by restatement in the third syllabus. The rule above quoted has been recognized as controlling in this State and has been applied by the Federal Courts in Calvery v. Peak Drilling Co., (W.D.Okl.) 118 F.Supp. 335; and United States v. Acord et al. (CCA10) 209 F.2d 709. Also see annotations: 140 A.L.R. 1301; 24 A.L.R.2d 319; 60 A.L.R.2d 1366, wherein the text statement § 3(a) at page 1373 states:

"A relatively large majority of jurisdictions in which the contribution rights of negligent joint tortfeasors are not controlled by statute hold that the fact that joint tortfeasors' injury-causing conduct was negligent, rather than wilful or intentional, furnishes no basis for freeing them of the burden of the general rule that there can be no contribution among joint tortfeasors."

Our decision in Cain v. Quannah Light & Ice Co. is cited as supporting the text statement. Also see Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319, 329, as to conclusiveness of judgment in cases where contribution is sought between indemnitor and indemnitee.

■ Plaintiff concedes the general rule does not permit contribution, but urges such rule is subject to an exception which permits the right of contribution between joint tortfeasors where they are not the primary wrongdoers or guilty of active negligence. It is plaintiff's argument that its driver (Wix) was the active wrongdoer, and the only responsibility against plaintiff and defendant was constructive fault which made them vicariously liable, thus bringing both within the exception to the general rule. This contention raises no question necessary for determination, since based upon the claim that both parties' liability was vicarious only. The conclusion in the Saul appeal, supra, discloses the lack of merit in this claim. We pointed out therein that the jury determined plaintiff's responsibility both upon the plaintiff's liability for negligence of its contractor, and upon the primary liability of plaintiff in placing a dangerous chattel in the hands of one in whose hands it may become a dangerous instrumentality.

■ Plaintiff also contends that defendant's failure to contribute equally to discharge of the judgment constituted an unconscionable wrong, and equity should allow relief to correct such wrong even in the absence of a legal remedy. It is axiomatic that equity is without power to change rights established by law, or to create a right where none exists. Welch v. Montgomery, 201 Okl. 289, 205 P.2d 288, 9 A.L.R.2d 294. Despite the claim that defendant's conduct was unconscionable, the settled law in Oklahoma does not afford a right of contribution between joint tortfeasors under the judgment here involved.

Plaintiff urges the rule in Fakes, supra, established an exception to the common law rule against contribution. In Fakes a judgment for rescission and cancellation of instruments was fully satisfied, except as to costs assessed jointly against all defendants. The costs were paid by one who was given judgment for pro rata contribution in an action brought to recover only those costs. That decision cannot be construed as providing an exception to the rule against contributions where one joint tortfeasor satisfies a joint judgment for tort liability.

Judgment affirmed as modified.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, IRWIN and LAVENDER, JJ., concur.

WILLIAMS, BLACKBIRD and HODGES, JJ., dissent.

## SUPPLEMENTAL OPINION ON REHEARING

DAVISON, Justice.

Plaintiff urges on rehearing that we consider and determine the force and effect of 12 O.S.1961, § 831. Plaintiff contends this statute is in derogation of the common law rule and changed the substantive law that at common law joint tortfeasors, as a general rule, have no right of contribution among themselves.

Section 831 of the Code of Civil Procedure is as follows:

"When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal; in such case, the person so paying or contributing, is entitled to the benefit of the judgment, to enforce contribution or repayment, if within ten days after his payment he file with the clerk of court where the judgment was rendered, notice of his payment and claim to contribution or repayment. Upon a filing of such notice, the clerk shall make an entry thereof in the margin of the docket."

This statute first appeared as Statutes 1893, § 4373, except that the phrase "regardless of the nature of the demand upon which the judgment was rendered" was not included therein. The quoted language was inserted in connection with the compilation and revision of laws resulting in Revised Laws 1910, § 5188. The statute in its first and later form was not mentioned in Fakes v. Price, 18 Okl. 413, 89 P. 1123 (1907) and Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641 (1928).

This court has not had occasion to construe § 831 in a situation involving a claim of contribution between joint tortfeasors. We have considered the statute in other kinds of actions. In Miller v. Andrews, 171 Okl. 479, 43 P.2d 415, a judgment was rendered on a note against the maker and his surety. The surety paid the judgment and then sought to enforce contribution from his principal by issuing execution in the case, but neglected to file the notice required by the statute. The decision held that the surety could not have the benefit of the contribution provisions of the statute because he had failed to comply with the requirements of the statute. In Walsh v. Kuder, 186 Okl. 68, 95 P.2d 876, we held, in a case where judgment was rendered against the principal and two sureties on a fidelity bond, that the surety paying the judgment and complying with the provisions of the statute could have an execution issued in the case and levied upon the property of the other surety to enforce contribution. In Keyes v. Dyer, 206 Okl. 325, 243 P.2d 710, the surety brought an independent action against his principal for reimbursement of money paid by him in satisfaction of a judgment recovered against them on their note. We held the remedy of the surety under § 831 for contribution was cumulative and that a surety who failed to proceed under § 831 was not precluded from pursuing his remedy for reimbursement under another statute giving him that right. In support of this conclusion there is cited the case of City of Ft. Scott v. Kansas City, Ft. S. & M. R. Co., 66 Kan. 610, 72 P. 238, infra, for the proposition that the filing of the notice of payment and claim for reimbursement by the judgment debtor who paid the joint judgment, as required by the statute, was not necessary to enable him to bring an independent action to compel contribution from his codefendant judgment debtor.

It will be observed that in all of these Oklahoma cases the surety seeking contribution or reimbursement had a clear and express right to this relief under § 831 or some other statute.

In 18 Am.Jur.2d, Contribution, § 77, p. 114, it is stated relative to statutes similar to § 831, supra, as follows:

"Statutes of this character, however, usually are held to be cumulative and not to abrogate existing *remedies*, since they are not intended to restrict, but rather to enlarge, the common-law doctrine of contribution. They constitute a *change in procedural, rather than substantive law*, and, manifestly, if the clear purpose of

such a statute is to make the summary remedy available to a judgment debtor *who is entitled to contribution,* it is not applicable to the case of a defendant whose payment of the judgment gives him *no right to contribution.* Under such a statute, if a party attempts to enforce contribution *when he is not entitled to it* or for an amount greater than that to which he is entitled, his action may be enjoined." (emphasis ours).

See also 18 C.J.S. Contribution § 11b(5) p. 21.

In Adams v. White Bus Line, 184 Cal. 710, 195 P. 389, it is stated, relative to a civil procedure statute on the order of that under discussion, as follows:

"* * * That section does not pretend to deal with the matter of the right of contribution between tort-feasors. Its plain intent is to simply provide that, when there is a judgment against two or more defendants who are entitled to contribution from each other and one pays the whole or more than his proportion thereof, 'the person so paying or contributing is entitled to the benefit of the judgment to enforce contribution or repayment. * * *' It certainly cannot be said that the Legislature, while enacting section 709 as a part of the law of procedure, necessarily intended to change, or did change, the fundamental principle that there is no right of contribution between joint tort-feasors."

See also Kemerer v. State Farm Mut. Auto Ins. Co., 201 Minn. 239, 276 N.W. 228, 114 A.L.R. 173, and Coble v. Lacey, 257 Minn. 352, 101 N.W.2d 594, to the extent that they hold such summary procedure statutes make no change in the substantive law of contribution.

Plaintiff argues that we should follow the early Kansas case of City of Ft. Scott v. Kansas City, Ft. S. & M. R. Co., 66 Kan. 610, 72 P. 238 (1903), in which it was held, under a statute identical to ours as it existed prior to the 1910 revision, supra, that contribution could be had between joint judgment tortfeasors because it construed the statute

to cover all kinds of judgments and to apply to judgments in tort actions as well as those based upon contract.

Plaintiff further contends that the insertion in the R.L.1910, § 5188, of the words "regardless of the nature of the demand upon which the judgment was rendered" was in derogation of the common law and evidenced an intent to extend the right of contribution to joint tortfeasors who paid the entire judgment.

We do not agree with either of these contentions.

The conclusion of the Kansas Court in the City of Ft. Scott case was based entirely on its interpretation of the language of the statute. The conclusion was reached without any discussion as to the nature and character of such statutes and with no citation of authority in support thereof. From our research it appears that the Kansas court has not subsequently cited the decision for the stated point of law. The Kansas statute therein involved (§ 4926, Gen.St. 1901) has been replaced by K.S.A. 60–2413, L.1963, and provides in pertinent part as follows:

"A right of contribution or indemnity among judgment debtors, arising out of the payment of the judgment by one or more of them, may be enforced by execution against the property of the judgment debtor from whom contribution or indemnity is sought."

In Alseike v. Miller (1966), 196 Kan. 547, 412 P.2d 1007, the court stated Kansas adheres to the common law rule that there is no right of contribution between joint tortfeasors.

■ Under our decisions the basic law in Oklahoma is that as between joint tortfeasors there is no right of contribution. We decline to approve the interpretation given the statute in the City of Ft. Scott case.

■ It is our further opinion that the 1910 addition of the words "regardless of the nature of the demand upon which the judgment was rendered" to the statute is not

sufficient to vest the right of contribution in joint tortfeasors where such right had not previously existed.

In Golden v. Golden, 155 Okl. 10, 8 P.2d 42, 45, 46, it is stated:

"The word 'demand' is defined in Words & Phrases, First Series, vol. 2, at page 1974, as follows:

'According to Lord Coke the word "demand" is the largest word in the law, except "claim," and a release of demands discharges all sorts of rights and titles, conditions, before or after breach, executions, appeals, rents of all kinds, covenants, annuities, contracts, recognizances, statutes, commons, etc. Vedder v. Vedder (N.Y.) 1 Denio, 257, 261.

'A demand is a claim; a legal obligation. "Demand" is a word of art, of an extent greater in its signification than any other word, except "claim." A release of all demands is in general a release of all covenants, real or personal, conditions, whether broken or not, annuities, obligations, contracts, and the like. State v. Baxter, 38 Ark. 462, 467.'"

We will not attempt to explore or state the rights, or lack of rights, to contribution that parties have in the numerous situations falling within the term "demand." The very fact that the word includes such a great variety of circumstances giving rise to actions between parties, and that approval of plaintiff's contention would result in a right to contribution in all such cases without regard to previously existing rules of law regarding such liability, leads to the conclusion that the statute was procedural and did not change the substantive law.

The statute is a procedural statute and was only intended to furnish a summary remedy whereby a party entitled to contribution may have the "benefit of the judgment" in enforcing his right to contribution. This conclusion is reflected in our decision in Keyes v. Dyer, supra, in which we held that the remedies of a surety under § 831 and other statutes were cumulative and his

failure to proceed under § 831, did not preclude him from pursuing his remedy for reimbursement under another applicable statute.

If we construe § 831 in accordance with the plaintiff's contention the effect of the statute would be to destroy a valid defense to a joint tortfeasor's action for contribution which was available to the defendant joint tortfeasor before the enactment of the statute. This construction of the statute would take away a valuable substantive right from a joint tortfeasor. 18 Am.Jur.2d § 42, p. 63. In Roxana Petroleum Co. v. Cope, 132 Okl. 152, 269 P. 1084, 60 A.L.R. 837, we held that a valuable right existing by common law will not be abrogated by a subsequent statute which did not expressly, nor by necessary implication, destroy such previously existing right.

Plaintiff cites Hambright v. City of Cleveland, Okl., 360 P.2d 493, as constituting a recognition by us that the statute was available to judgment debtors. In that case the judgment for personal injuries was rendered against an employee of the City, and against the City on the ground of respondeat superior. The City urged the release of the judgment as to the employee deprived the City of its right to reimbursement from the employee. We pointed out that the City, upon paying the balance of the judgment, in addition to subrogation, had a right to contribution under the statute and an action on an implied contract of indemnity. Citing 42 C.J.S. Indemnity § 21. The case did not involve a judgment based on liability as a joint tortfeasor. It is not in point.

There is no merit in plaintiff's contention.

It is our conclusion that 12 O.S.1961, § 831, did not change the rule denying contribution where one joint tortfeasor satisfied a joint judgment for tort liability.

Judgment affirmed as modified by the original opinion.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.